SAMUEL S. PORTER v. SHERMAN COUNTY BANKING
COMPANY ET AL.

FILED APRIL 17, 1894.   No. 4612.

1. **Sufficiency of Evidence to Support Verdict.** Upon a
re-examination of the evidence, *held*, that it is insufficient to sus-
tain a verdict for a sum so small as found by the jury.  *Porter
v. Sherman County Banking Co.*, 36 Neb., 271, affirmed.

2. **Usury:** ACTION TO RECOVER DEPOSITS: AGENCY.   Where a
partner in a banking partnership, or an officer of a banking cor-
poration, is the agent of an individual for the management of
his property, and such agent collects rents and, under an agree-
ment with the principal, invests the proceeds at usurious rates,
keeping an account in the bank in which he deposits all sums

Porter v. Sherman County Banking Co.

realized, the bank cannot set up usury as a defense to an action by the principal against it to recover his deposits.

3. **New Trial:** Joint Motion. In an action against several defendants, where there was a verdict against all, a motion for a new trial made by the defendants jointly must be overruled if the verdict was correct against any one of them. *Scott v. Chope,* 33 Neb., 41, followed.

4. **Judgment Upon Review in Supreme Court:** Appeal. Except where the decision of an appellate tribunal necessitates a trial of an issue for which the constitution guaranties a trial by jury, it rests in the discretion of the appellate tribunal, upon the reversal of a judgment, to enter in the appellate court a proper judgment or to remand the case to the court from which it was appealed, either with directions to enter a specific judgment, for a retrial of particular issues, or for a new trial of the whole case. Such discretion should be exercised in such manner as to best and most surely accomplish the ends of justice.

5. **Proceedings in Error:** Order to Remand Cause. The plaintiff below brought this case to this court on error, complaining of error in the assessment of the amount of recovery. The defendants filed a cross-petition in error, assigning many errors. The defendants having joined in the motion for a new trial, and the verdict being clearly right in its direction against one of the defendants, the court was precluded from examining the questions sought to be presented affecting only the rights of the others; but the plaintiff being entitled to a reversal of the judgment against that one defendant because of error in the assessment of the amount of recovery, the court refused to remand the case for a reassessment of damages only and awarded a new trial of the action.

REHEARING of case reported in 36 Neb., 271.

*Nightingale Bros.,* for plaintiff in error.

*G. M. Lambertson* and *J. R. Scott, contra.*

IRVINE, C.

This case is before us upon a rehearing. Upon the first hearing there was a judgment of reversal. The case is reported in 36 Neb., 271. In the opinion there reported the issues are disclosed by setting forth the pleadings at some

length. It will not be necessary, therefore, to make any extended statement of fact. The manner in which the case reached this court is not, however, disclosed by the former opinion. The plaintiff below, Porter, brought the case to this court on error, assigning as error that the assessment of the amount of recovery was too small; that the court erred in overruling the motion for a new trial; and that the court erred in rendering judgment on the verdict. Within a year after the rendition of judgment the defendants in error appeared here and filed a cross-petition in error, alleging many errors in the proceedings below. The case, therefore, took the form of proceedings in error by the parties on either side.

Upon a reconsideration of the case we are entirely satisfied with the conclusion evidently reached, but not very clearly expressed, in the former opinion, that upon the uncontradicted evidence there was due from the banking company to the plaintiff a larger sum than was found by the jury. The greater portion of the amount claimed was counted upon as an account stated, and the evidence supports the averments of the petition in this regard, as it also supports the further averment of smaller sums due upon an open account. It is true that the evidence consists largely of entries upon the books of the banking company, but as against the bank at least these entries were competent evidence wherewith to charge it.

The only ground upon which the defendants in argument rely to sustain the finding of the jury as to the amount of the recovery against the bank is that a large portion of the amount shown to be due plaintiff upon the books of the bank represents usurious interest upon plaintiff's deposits. Usury is pleaded by the defendants, but so far as there is any evidence upon the subject it is to the following effect: That one Theiss and one Whaley were at one time doing business under the name of the Northwestern Banking Company. Subsequently a copart-

nership known as the Sherman County Banking Company succeeded to their business, and on November 1, 1887, the Sherman County Banking Company was incorporated and succeeded to the business of the former copartnership. Upon each of these changes the account of Porter with the former concern was carried to the books of its successor, and Porter ratified the transference of his account from the copartnership to the corporation. The bank occupied rooms in a building owned by Porter in which there were other tenants. Porter had other property at Loup City. Theiss, or Theiss and Whaley, were his agent in its management. The deposits creating the indebtedness upon which he declares were created largely from receipts of rent upon this property. There was an agreement between Theiss and Porter that Theiss should retain the moneys received from Porter's Sherman county property and invest them for Porter. Porter's evidence is tha Theiss said he could invest the moneys so they would pay thirty-six per cent a year, and that Porter agreed to divide the profits with him. The books indicate that about eighteen per cent per year upon the moneys belonging to Porter was credited to his account. These credits were made under the head of interest; but so far as there is any evidence it is that investments were made by Theiss and when moneys were realized therefrom they were deposited to Porter's credit. The defendant contends that the circumstances show that outside investments were not in fact made, but that the bank took the moneys as deposits and allowed eighteen per cent interest thereon. There is no evidence to this effect, however, except the fact that about eighteen per cent was credited under the name of interest, and there is no evidence whatever that Porter was a party to any such acts. So far as he is concerned the uncontradicted evidence is that Theiss was to invest the moneys and share the profits with him, and there is nothing to prove or indicate that any deposits were made in the bank with the

knowledge upon his part that the money was to be taken by the bank and usurious interest paid by the bank to him. It is very clear that if one lends money at usurious rates, and the borrower pays the usury agreed upon, and the lender deposits the money so received in the bank, the bank cannot set up the fact that the money was obtained through usurious contracts in defense of a suit to recover the deposit. The fact that the lender acts through an agent who both lends the money and makes the deposit of the interest thus obtained does not change the rule. The fact that that agent happens to be a partner or a director in the bank in which the deposit is made does not affect the case. We take it that an agent who lends money at usurious rates could not defeat an accounting between him and his principal because of that fact. *A fortiori,* a banking corporation in which the agent is a director could not repudiate a deposit upon the ground that the depositor had obtained the money in violation of the usury law.

The argument has been chiefly directed to the case of the individual stockholders who were defendants in the action; that is, to the subject-matter of the cross-petition in error. It is argued that there were errors in the instructions of the court upon the question of their liability; that there were errors in the admission of certain testimony against them; and further, that no action at law would lie, prior even to the act of 1891, against a corporation and its stockholders jointly, by a single creditor, to enforce the statutory liabilty. It was intimated in the former opinion that a proceeding in equity would be the proper course to enforce that liability, if it exists. These questions, as disclosed by the record, are serious, and none of them free from doubt; but the record comes to us in such a shape that we are precluded from here determining them. There is no doubt that the plaintiff was entitled to some judgment against the bank. If no remedy could be had in this action against the stockholders, the petition still stated

enough to charge the bank. The answer is a joint one by the bank and the individual defendants. The motion for a new trial and cross-petition in error are also joint for all the defendants. There were no proceedings, so far as the record discloses, on behalf of the individual defendants, to separate their case from that of the corporation, and in the absence of any proceedings to reduce the petition to a single cause of action against one defendant, no matter what it may contain in the nature of charges against others, if sufficient appears to charge that defendant and the proceedings against that defendant are free from error, a judgment, so far as it affects such defendant, must be affirmed. The petition stated, and the proof established, a cause of action against the bank. If the joinder of the individual stockholders and the averments against them were improper, they must be treated merely as surplusage, there having been no motion to strike them out or to sever.

In *Scott v. Chope*, 33 Neb., 41, it was distinctly held that in an action against several persons, if the motion for a new trial be by all the defendants jointly, it must be overruled if the verdict was good as against any one of them. The same doctrine had been announced in a number of prior cases. They were cited in *Scott v. Chope* and approved. This must be taken as the settled rule of this state, and is supported by a very respectable array of authorities elsewhere. The verdict against the bank was certainly correct in its direction, although not correct in its amount, and proceedings in error on behalf of the bank alone could not have resulted in its reversal. It follows, therefore, that the error proceedings of the individual defendants were equally unavailing, and we cannot consider any of the questions affecting their rights as distinguished from those of the corporation.

The plaintiff in error contends that inasmuch as he only complained of the amount of recovery the order of reversal should only extend that far, and that the cause should be

remanded for a trial upon the sole issue of the amount due him from the banking company. Section 582 of the Code of Civil Procedure provides that a judgment rendered by a district court may be reversed, vacated, or modified by the supreme court for errors appearing upon the record. The power to modify a judgment without vacating or reversing it as a whole is granted by that section. Section 594 provides that the supreme court, upon reversing a judgment, shall proceed to render such judgment as the court below should have rendered, or remand the cause to the court below for such judgment. It is conceded, however, that the cause must be remanded in this case to assess, by a new trial, the amount of recovery. It is probable that this court might remand the case for that purpose alone; but we do not think that such a course is required or that it would be proper. From a recent and valuable work on Appellate Procedure we quote as follows: "It is in accordance with the principles we have stated that it is held that an appellate tribunal is not bound to direct a judgment on the facts stated in a special finding or in a special verdict, but may, if upon an examination of the whole result it appear that justice will be better and more surely done by awarding a new trial, specifically direct the trial court to grant a new trial to the parties." (Elliott, Appellate Procedure, sec. 563.) "Whether a new trial shall be ordered or a specific judgment shall be directed is a matter so largely within the discretion of the appellate tribunal that it can hardly be said that there is any established general rule upon the subject except that which forbids the trial of original questions of fact in cases where a trial by jury is demandable as a matter of right under the provisions of the constitution." (Elliott, Appellate Procedure, sec. 568. See on this subject *Buchanan v. Milligan*, 108 Ind., 433; *Thomasson v. Wood*, 42 Cal., 416.) In the latter case an action was brought upon a promissory note. The only defense pleaded was the want of a sufficient revenue stamp.

The defendant prevailed below upon the authority of a decision of the California supreme court, which was overruled before this case reached the supreme court. A new trial was granted rather than a judgment in the supreme court, because the defendants had probably relied upon the earlier case and should in justice be permitted to interpose any other defense they might have.

As this cause must be remanded for error in assessing the amount of recovery, we think that justice demands a general order of reversal and a new trial of the cause, in order that the pleadings may be revised if the parties deem it proper, and the questions, which we are here precluded from determining, presented anew.

REVERSED AND REMANDED.