STATE OF NEBRASKA, APPELLEE, V. THOMAS MULLALLY ET
AL., APPELLANTS.

FILED APRIL 3, 1915.    No. 18065.

Judgment: REDUCTION: FORFEITED RECOGNIZANCE. The action of the
    trial court in reducing a judgment rendered upon a forfeited
    recognizance, where the accused has subsequently been arrested
    and surrendered to the proper court for trial, will not be dis-
    turbed unless an abuse of discretion is clearly shown. Rev. St.
    1913, secs. 9017, 9018.

Appeal from the district court for Harlan county:
HARRY S. DUNGAN, JUDGE. *Affirmed.*

*John Everson,* for appellants.

*O. E. Shelburn,* contra.

FAWCETT, J.

One Neff was arrested and informed against on the
charge of grand larceny committed in Harlan county. No-
vember 15, 1910, he made application for continuance to
the next term of court, which was granted. Defendants en-
tered into a recognizance in the sum of $1,000 for Neff's
appearance on the first day of the next term of court, which
convened on March 2, 1911. Neff failing to appear at that
time, the recognizance was on the next day declared for-
feited. On the 20th of the same month action was insti-
tuted in the district court for Harlan county against the
defendants as sureties for the penalty of the bond. A year
later that action came on for hearing, and, after evidence
taken, judgment was rendered against the defendants for
$1,000 and costs. On the 23d of September following de-
fendants filed in the district court an application to be re-
lieved from the judgment, for the reason that after the
rendition of the judgment they had captured the accused
in Arizona and surrendered him to the sheriff of Harlan
county, at an expense to them of about $300, and that the
accused had pleaded guilty to the charge against him, and

is now confined in the penitentiary under sentence of from one to seven years. The journal entry of the judgment recites: That the cause came on to be heard upon the motion of the defendants to have the judgment, entered against them on the forfeited recognizance, remitted and set aside; that the state appeared by the county attorney and the defendants by their attorney; that, "upon consideration of said motion and of the showing made by the defendants in support thereof and by the plaintiff in opposition thereto, the court finds that after the rendition of said judgment, Albert Neff, the principal in the recognizance upon which said judgment is based, was arrested and brought to trial; the court further finds that, by reason of the failure of said Neff to appear in accordance with the condition of his recognizance, the state and county were put to an expense of $250, and that said amount should be paid by the defendants herein, as sureties, on said recognizance, and the court finds that the judgment heretofore rendered against the defendants herein on said recognizance should be reduced to $250." Judgment was rendered accordingly, and defendants have appealed.

There is no bill of exceptions in the record. Counsel for defendants in his brief says: "There was no testimony given by either side, though the journal entry apparently might lead the court to infer that there was. The facts were all within the personal knowledge of the court." Counsel for the state in his brief says that the matter came on for hearing before the court upon the application of defendants to have the judgment remitted, "and on this application witnesses were sworn and testified, and evidence was introduced." The judgment against the sureties was entered under the provisions of section 9017, Rev. St. 1913, which provides: "The court in which the action for the penalty of any forfeited recognizance is brought may remit or reduce any part of (or) the whole of such penalty, and may render judgment thereon according to the circumstances of the case and the situation of the party, and upon such terms and conditions as to such court shall seem just and reasonable." The subsequent application

by the defendants to have the judgment remitted is based on section 9018, which provides: "Whenever any judgment shall have been rendered against the defendants for the whole or any part of the penalty of a forfeited recognizance, as aforesaid, the court rendering said judgment shall have power to remit or reduce the amount thereof, when it shall be made to appear that after the rendition thereof the accused had been arrested and surrendered to the proper court, to be tried on such charge." It will be seen that these two sections of the statute vests a large discretion in the court, and action taken by the court in cases arising under them should not be disturbed unless a clear abuse of the discretion thus vested has been shown. The record before us does not show any abuse of discretion. The recital by the court in its journal entry, that its findings are based upon a consideration of the motion "and of the showing made by the defendants in support thereof and by the plaintiff in opposition thereto" must, in the absence of a bill of exceptions, be treated as a verity and as meaning just what it says. The term "showing," as used in the journal entry, clearly indicates that each of the parties had, respectively, supported and resisted the motion by oral testimony, affidavits or documentary evidence, which in either case could only be preserved by a bill of exceptions.

AFFIRMED.