**REBOLD v. NATIONAL SUPPLY CO. et al.**

No. 17557. Opinion Filed Sept. 25, 1928.

Rehearing Denied Nov. 27, 1928.

W. C. Alley, for plaintiff in error.

Banks, O'Brien & McVey and Hiatt & Hannigan, for defendant in error National Supply Company.

Cochran & Ellison, for defendants in error E. R. Black and Lena Black.

A. E. Graham, for defendant in error Times Publishing Company.

JEFFREY, C. This is an appeal from the district court of Okmulgee county, and involves the validity of a judgment entered by the court on the 27th day of October, 1925. On the 10th day of March, 1921, John H. Rebold purchased of E. R. Black certain real estate situated in the city of Okmulgee for the price of $40,000. Ten thousand dollars of the purchase price was paid in cash, and the remainder was evidenced by the following series of notes numbered from 1 to 4, inclusive, to wit: No. 1, $5,000 due 90 days after date; No. 2, $5,000 due six months after date; No. 3, $2,000 due one year after date; No. 4, $18,000 due March 10, 1922, and secured by mortgage back on the property. Thereafter, in due course, Black assigned and transferred the notes as follows: No. 1 to Minnetonka Lumber Company, No. 2 to Rebold Lumber Company, No. 3 to Okmulgee Furniture Company, No. 4 to National Supply Company. No. 2 was later assigned to the Okmulgee Democrat Publishing Company. On September 21, 1921, the Minnetonka Lumber Company brought suit in the district court of Okmulgee county against John H. Rebold and E. R. Black on note No. 1. The defendants defaulted, and on December 21, 1921, personal judgment was rendered in favor of said plaintiff and against the defendants for the amount of the note, attorneys' fees and costs. No appeal was taken from this judgment, and it appears never to have been modified or vacated. On the 13th day of April, 1923, the National Supply Company instituted the present suit to recover on note No. 1, and to foreclose the mortgage. The then holders of the other three notes of the series were made parties defendant, and after service of process the Minnetonka Lumber Company answered, alleged ownership in note No. 1, and joined in the prayer for the foreclosure of the mortgage and for a division of the proceeds arising from the sale of the mortgaged property. The Okmulgee Democrat Publishing Company and the Okmulgee Furniture Company, the owners of notes 2 and 3, failed to appear or file any pleading whatever prior to June 24, 1922, when judgment was entered in favor of all holders of the notes in question for the full amount thereof, together with attorneys' fees as provided by the notes.

The court having again rendered personal judgment in favor of the Minnetonka Lumber Company and against John H. Rebold and E. R. Black, said Minnetonka Lumber Company filed a motion to modify the judgment, reciting that a former personal judgment in another suit had been rendered, and that in this action it only prayed for foreclosure of the mortgage and for distribution of the proceeds of the mortgage sale. The motion was sustained and the judgment was modified accordingly. In the latter part of 1922, the Okmulgee Furniture Company and the Minnetonka Lumber Company assigned their interest in notes Nos. 1 and 2 back to E. R. Black. On February 17, 1923, a showing was made to the district court that, on April 13, 1922, an involuntary petition in bankruptcy was filed against John H. Rebold in the United States District Court for the Eastern District of Oklahoma, and on July 3, 1922, said defendant was duly adjudged a bankrupt, and B. H. McMasters was appointed trustee, and that immediately upon filing said petition in bankruptcy, an injunction was issued out of the bankruptcy court restraining all creditors of said bankrupt from taking any proceedings against him or his property. Thereupon, the court vacated and set aside the judgment of date June 24, 1922, and the trustee in bankruptcy was made a party defendant and given time to plead. On February 21, 1923, the Okmulgee Democrat Publishing Company filed its answer and cross-petition in said cause, in which it alleged ownership of note No. 2, and prayed for judgment for the amount on its note, together with interest and attorney's fees. The cause was tried on the 11th day of April, 1923, and judgment rendered in favor of the National Supply Company

on note No. 4, in favor of E. R. Black on notes Nos. 1 and 3, and against the Okmulgee Democrat Publishing Company on note No. 2, on the ground that said note had been paid. In addition to personal judgments in favor of the National Supply Company against John H. Rebold and E. R. Black, and in favor of E. R. Black against John H. Rebold, judgment was rendered foreclosing said mortgage, and directing that the proceeds of the sale after paying taxes and costs be divided between Black and the National Supply Company in proportion to their interests. From this judgment the Okmulgee Democrat Publishing Company appealed to the Supreme Court. The Supreme Court in said cause, entitled Okmulgee Democrat Publishing Company v. National Supply Co., 107 Okla. 86, 230 Pac. 231, reversed said judgment and remanded the cause for a new trial.

It appears that a new trial was granted as to all phases of the judgment and to all parties interested therein, and on October 27, 1925, judgment was again rendered in said cause. The journal entry of judgment recites that notes Nos. 1 and 3 were then owned and held by Lena E. Black; that note No. 2 was then owned and held by the Times Publishing Company, and note No. 4 was then owned and held by the National Supply Company. Judgment was then rendered in favor of the respective holders: Lena E. Black on notes Nos. 1 and 3 against John H. Rebold for the principal sum thereof, together with interest and attorneys' fees; in favor of the Times Publishing Company on note No. 2 against John H. Rebold, and in favor of the National Supply Company and against John H. Rebold and E. R. Black on note No. 4. It decreed the foreclosure of said mortgage and a pro rata distribution of the proceeds from the mortgage sale. Thereafter, and on the 2d day of January, 1926, John H. Rebold filed a motion in said cause to set aside the judgment rendered October 27, 1925, as to him. The motion came on for hearing on January 30, 1926, at which time evidence was introduced, and said motion was overruled. From the latter proceeding, John H. Rebold has appealed.

Appellant, Rebold, complains of the judgment of October 27, 1925, and contends that it is void upon its face as to notes Nos. 1 and 3 in favor of Lena E. Black, and as to note No. 2 in favor of the Times Publishing Company for the reason that no pleadings were on file to support such judgment; and that these parties were strangers to the record. It should here be observed that neither Lena E. Black nor the Times Publishing Company was ever substituted as a party plaintiff or defendant, nor was any mention made of either of them until the judgment of date October 27, 1925, was rendered. No evidence appears in the record at the time of rendition of said judgment, but the journal entry recites that evidence was given, and the court found that Lena E. Black was the owner and holder of notes Nos. 1 and 3, and the Times Publishing Company was the owner and holder of note No. 2, and then entered judgment in their favor. The Minnetonka Lumber Company, in former action, had been awarded personal judgment against Rebold and E. R. Black on note No. 1, and had filed a pleading asking for foreclosure of the mortgage and for permission to participate in the funds to be derived from foreclosure sale in the present action. The Okmulgee Democrat Publishing Company had also filed an answer and cross-petition asking for judgment on note No. 2. No pleading whatever had ever been filed on behalf of any holder of note No. 3. Neither had appellant, Rebold, ever filed any pleading prior to the date of judgment here complained of.

The general rule is that a judgment in a court of record must be based upon formal pleadings, and cannot go beyond the issues formed by the pleading. The judgment must conform to and be supported by the pleadings in the case. Freeman on Judgments (5th Ed.) vol. 1, 738, states the rule as follows:

"A judgment outside the issues is not a mere irregularity, but is extrajudicial and invalid. The foundation of the rule that judgments of a court of competent jurisdiction are attended with presumptions of verity is the fact that the parties have been properly brought before the court and given an opportunity to be heard upon matters determined. But the foundation falls, and the rule of verity ceases, when it appears that the judgment adjudicated matters beyond the issues and upon which the parties were not heard."

In the case of Beckett v. Cuenin, 15 Colo. 281, 25 Pac. 167, judgment was rendered in a cause wherein no written complaint or formal pleading had been filed. There the court held:

"On general principles, regardless of the statute, it must be held that a complaint, or some written statement of the cause of action, is absolutely indispensable to the maintenance of a judgment recovered in a court of record." 15 R. C. L. 44; 33 C. J., secs. 80, 93 and 8769.

Many cases are cited for and against appellant's proposition. None of them present

the exact state of facts with which we have to deal. However, many of them from this court and others assert the principle that a judgment of a court beyond the scope of the pleadings and beyond the scope of the issues formed is a nullity, and not binding upon the parties to the action.

Section 223, C. O. S. 1921, provides, among other things, that an action does not abate by the transfer of an interest therein during its pendency. And in case of such a transfer as in this case, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action. Certainly, if the action be continued in the name of the original party, such party would merely act as trustee for the real party at interest, and such fact should be made to appear in the proceedings prior to judgment. If an assignee or transferee of any right in the action desires to be substituted in the place of his transferor, such substitution should be made by order of court prior to the rendition of final judgment. To give the above provision of the statute any other interpretation would allow total strangers to litigation to come into court for the first time during the progress of the trial and make a showing by evidence alone, without pleading that they owned the indebtedness upon which the action was originally instituted, and procure judgment without first putting in issue the question of whether or not the party sought to be charged was actually indebted to such stranger. A defendant in an action may have no defense whatever to the claim of an original plaintiff, and yet have a valid defense against one who becomes a transferee of the original plaintiff. For instance, the law of negotiable instruments allows certain defenses against one who is not a holder in due course which are not allowed against one who is a holder in due course.

Courts have no jurisdiction over persons who are not parties to the litigation. A court cannot make an adjudication respecting the rights or obligations of such persons, and a judgment, rendered for or against a person who is not a party to the litigation, and over whom the court has no jurisdiction, is a nullity. Illinois Surety Co. v. United States, 240 U. S. 214, 60 L. Ed. 609; In re Bradley's Estate, 168 Cal. 655, 144 Pac. 136; Dunlap v. Sutherlin, 63 Tex. 38; Freeman on Judgments (5th Ed.) vol. 1, p. 200.

In the case of Dunlap v. Sutherlin, supra, it was said:

"Courts have no more power, until their power is called into exercise by some kind of pleadings, to render judgment in favor of any person than they have to render judgment against a person until he has been brought within the jurisdiction of the court in some method recognized by law as sufficient."

We therefore conclude that the court was without jurisdiction to render judgment in favor of Lena E. Black on notes Nos. 1 and 3, and in favor of the Times Publishing Company on note No. 2; and that the judgment to this extent is void.

It is next contended that the judgment of date October 27, 1925, is void in so far as it attempted to allow a recovery on notes Nos. 1 and 4 for the reason that prior thereto it had entered a valid judgment on said notes, which had not been modified, reversed or vacated. We have heretofore held that the judgment was void in so far as it allowed a recovery on note No. 1, and we need to be concerned only with note No. 4 hereinafter. It will be recalled that on April 11, 1923, a judgment was rendered in favor of the National Supply Company and E. R. Black on notes Nos. 1, 3, and 4, and against the Okmulgee Democrat Publishing Company on note No. 2. In that judgment the mortgage was foreclosed, and the National Supply Company and E. R. Black were given first and prior liens upon the mortgaged property, and the judgment directed that the proceeds from the mortgage sale be divided between these two judgment creditors and prorated according to their respective interests. From this judgment the Okmulgee Democrat Publishing Company appealed. The notice of appeal stated that the defendant and cross-petitioner, Okmulgee Democrat Publishing Company, intended to appeal from the judgment without mentioning any specific part thereof. The petition in error prayed that the judgment, in so far as it denied recovery on note No. 2, be set aside and held for naught, and asked that judgment be pronounced in the Supreme Court, decreeing said appellant judgment on its note, and allowing it a lien on the mortgaged premises, and to participate in the proceeds of sale under the mortgage foreclosure pro rata with the defendants in error. It is here contended that only that part of the judgment denying the Okmulgee Democrat Publishing Company personal judgment on its note was brought to the Supreme Court on appeal, and that the Supreme Court had no jurisdiction to disturb any other part of the judgment; and that

the judgment rendered in favor of the National Supply Company was not reversed, and therefore the judgment here attacked could not be rendered. We do not agree with this conclusion. There is evidence that the security covered by the mortgage was not worth in excess of $25,000. If appellant's contention be correct, that part of the judgment decreeing the National Supply Company and E. R. Black alone to have liens upon the mortgaged property, and allowing them alone to participate in the proceeds from the sale thereof, would still be in force. The petition in error discloses that the appellant in that case was interested in securing his part of the security as well as obtaining judgment upon his note. He was interested in the entire judgment to this extent. The only issue passed upon by the court in that case, being Okmulgee Democrat Publishing Co. v. National Supply Co., 107 Okla. 86, 230 Pac. 231, was whether or not the evidence showed that note No. 2 had been paid, but other relief to which appellant was entitled, if entitled to judgment on his note, necessitated a modification or reversal of other parts of the judgment. The disposition of that case on appeal was:

"The judgment of the trial court is reversed, and the cause remanded for a new trial."

The mandate which was afterwards spread of record in the district court of Okmulgee county recited:

"Reversed and the cause remanded for a new trial."

Counsel for appellant cite many authorities which they contend support their position. Some of the authorities are to the effect that, where an appeal is taken from a specific part of the judgment, and such part of the judgment is separable from the other parts, the appellate court has no jurisdiction to disturb the portions of the judgment unappealed from. Some of the cases relied upon show that the notice of appeal pertained only to a portion of the judgment. Other cases were such that the party appealing could have no interest in the other part of the judgment rendered in favor of other parties, and none of the parts of the judgment were dependent or interlocked with the others. In the case of Whalen v. Smith, 163 Cal. 360, 125 Pac. 904, it was said:

"There are doubtless cases of appeals from a part of a judgment where the part appealed from is so interwoven and connected with the remainder, or so dependent thereon, that the appeal from a part of it affects the other parts, or involves a consideration of the whole, and is really an appeal from the whole, and if a reversal is ordered, it should extend to the entire judgment. The appellate court, in such cases, must have power to do that which justice requires, and may extend its reversal as far as may be deemed necessary to accomplish that end."

This seems to be the exact situation here. This court, no doubt, could have modified the judgment in certain respects and rendered or affirmed it as modified. Or it could reverse the entire judgment and remand the cause for a new trial, which appears to have been done here. Allen v. Allen, 85 Okla. 240, 205 Pac. 504; Morton v. Roberts, 88 Okla. 263, 213 Pac. 297; Lumber Company v. Branch, 158 N. C. 252, 73 S. E. 164; Jarvis v. Frey (Cal.) 189 Pac. 795; Porter v. Sherman County Banking Co., 40 Neb. 274, 58 N. W. 721; Cowdery v. London & San Francisco Bank, 139 Cal. 298, 73 Pac. 196; Purdy v. Chambers, 128 Okla. 118, 261 Pac. 216; section 780, C. O. S. 1921; 2 R. C. L. 270. As stated in the case of Roberts v. Coffin (Tex. Civ. App.) 53 S. W. 597, there has not been a decision come to our attention allowing a trial court to view a judgment of an appellate court as having done what it might or should have done, instead of what it actually decided or directed. The judgment in this case was reversed. Reverse means to annul, vacate or set aside. We think the appeal was from the entire judgment. The trial court properly construed the mandate of this court in granting a new trial as to all parts of the judgment, and as to all parties.

The cause is therefore remanded to the trial court, with directions to vacate all that part of the judgment allowing a recovery on notes Nos. 1, 2, and 3, directing a disposition of the proceeds of the mortgage sale, without prejudice to the rights of the holders of such notes to file pleadings for the protection of such legal rights as they may have, and the judgment, in so far as it allowed a recovery on note No. 4 and a foreclosure of the mortgage, is affirmed.

BENNETT, HERR, DIFFENDAFFER, and HALL, Commissioners, concur.