STATE OF NEBRASKA, APPELLEE, V. ALVIN GEORGE KONVALIN
ET AL., APPELLANTS.

86 N. W. 2d 361

Filed November 29, 1957.  No. 34210.

*O'Sullivan & O'Sullivan,* for appellants.

*Clarence S. Beck,* Attorney General, and *Ralph D. Nelson,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Alvin George Konvalin, herein referred to as appellant, was charged with the crime of burglary in the district court for Douglas County. The court, on his application, fixed and required bail in the sum of $3,000 for his release from custody. He tendered an appearance bond in that amount signed by him as principal and The Summit Fidelity & Surety Co. of Akron, Ohio, as surety. It was approved and accepted by the court, placed of record in the office of the clerk of the court, and appellant was thereupon released from custody. The condition of the bond was that appellant would personally appear in the district court for Douglas County from day to day and from term to term until final judgment or as directed by the court, until finally discharged, to answer the crime of burglary; that he

would do what should be by the court enjoined upon him; and that he would not depart the court without leave. Later he was accused by an amended information of the crime of burglary and a second count charged him with being a habitual criminal.

Appellant was arraigned, pleaded not guilty to each count, and the trial of the case was, in the presence and with the knowledge of appellant and the surety, ordered by the court to begin on February 6, 1956. Appellant did not appear in court at that time. His default was duly taken and entered of record and the bond furnished by appellant was by order of the court forfeited. A capias was issued 2 days later for his arrest and the county attorney filed a motion for judgment against the surety for the penalty of the bond. The surety made a request that the court remit the "full amount of said bond or such part thereof as may seem just and equitable, as provided for by law."

Appellant was brought into the district court for Douglas County in the custody of the sheriff on February 13, 1956. He withdrew his plea of not guilty, pleaded guilty to each of the counts of the information, and he was adjudged to be confined in the Nebraska State Penitentiary. Hearing was had on the motion of the State for judgment against the surety and on its request to have liability on the bond remitted. The court found that the liability of the surety on the bond was the sum of $900 and rendered judgment for that amount against the surety and in favor of the State. A motion for a new trial was denied and this appeal was taken.

It was shown at the hearing referred to above that: Appellant went from Nebraska to Council Bluffs, Iowa, a few days before the time he knew he was obligated to appear in the district court for Douglas County to attend the trial of the charges against him pending in that court. He was a participant in or the victim of a fight in that city in which he was so seriously beaten and injured that he became insensible and it was be-

lieved that he was dead. He survived and recovered consciousness. He said he was taken from there to Kansas City, Missouri, against his will. He was threatened with violence and possible extinction. He was ill and remained in a hotel room in that city for some time. The representative of the surety was attempting to locate appellant during this time and finally learned he had been seen in Kansas City. The representative of the surety gave this information to his associates in that city and shortly thereafter appellant was located and taken into custody. He was wanted there for a felony and because of that the Missouri authorities detained him. The representative of the surety went to Kansas City, induced appellant to waive extradition, and obtained his agreement to return to Nebraska if he was permitted to do so. The representative secured the consent of the Missouri officers for the return of appellant to Nebraska if he furnished an appearance bond in the court where the charge against him in Missouri was pending. The representative of the surety furnished the required bond in Missouri. Appellant was then permitted to return to Nebraska in the custody of an officer from Omaha. He arrived there during the night of February 12, 1956, and appeared in the district court the following day. The representative of the surety incurred an expense in excess of $700 in locating, apprehending, and securing the return of appellant. The evidence does not show the amount of any expense incurred by the State because of the breach of the conditions of the bond of appellant.

The court was fully advised as to all facts important to forfeiting the bond and rendering judgment against the surety. It determined the amount of the recovery on the bond as stated above and rendered judgment therefor. The contention made on this appeal is that there is no evidence to support the judgment. It is said that the State did not furnish evidence as to any damages sustained or expenses incurred by it because

appellant failed to appear in court on the trial date. The State was not obligated to do so. The liability of the surety on the bond for the whole amount thereof had become absolute. State ex rel. Smith v. Western Surety Co., 154 Neb. 895, 50 N. W. 2d 100; State v. Honey, *ante* p. 494, 86 N. W. 2d 187. The State was demanding judgment against the surety for the entire penalty of the bond. The surety invited the exercise of the discretion of the court to remit the whole or a part of the amount of the bond. It cannot base error on the action of the court which it induced. The surety benefited by the determination made that the amount of the judgment should be less than one-third of the amount of the bond. The essence of the decision of the district court is that it acted as it did in the exercise of allowable discretion guided by appropriate standards. It was therefore not without a supporting basis. The statute makes it the duty of the court, if there is a breach of conditions of a recognizance, to declare a forfeiture of the bail and, on motion, to render judgment. The court may remit the amount of the penalty in whole or in part if it appears that justice does not require the exaction of all of it. §§ 29-1106, 29-1107, 29-1108, and 29-1109, R. R. S. 1943. The discretion implicit in the statute is bestowed upon and is to be exercised by the district court. This court should not substitute its discretion for that of the district court.

In The Styria v. Morgan, 186 U. S. 1, 22 S. Ct. 731, 46 L. Ed. 1027, it is said: "The term discretion implies the absence of a hard-and-fast rule. The establishment of a clearly defined rule of action would be the end of discretion, and yet discretion should not be a word for arbitrary will or inconsiderate action." In Langnes v. Green, 282 U. S. 531, 51 S. Ct. 243, 75 L. Ed. 520, the court said with reference to the exercise of discretion the following: "When invoked as a guide to judicial action, it means a sound discretion, that is to say, a discretion exercised not arbitrarily or willfully, but

with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result." See, also, United States v. Davis, 202 F. 2d 621.

The judgment should be and it is affirmed.

AFFIRMED.