STATE OF NEBRASKA, APPELLEE, V. ROBERT CLYDE SEATON ET AL., APPELLANTS.

103 N. W. 2d 833

Filed July 1, 1960.    No. 34738.

*Joseph M. Lovely* and *Webb, Kelley, Green & Byam*, for appellants.

*Clarence S. Beck*, Attorney General, and *Richard H. Williams*, for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

The action out of which the present proceeding flows was a criminal action in which Robert Clyde Seaton was charged by information with the offense of murder in the second degree. The date of the alleged offense was March 27, 1954. The information was filed April 2, 1954. Seaton was arraigned on April 5, 1954, and pleaded not guilty. On that date bail was fixed in the amount of $7,500. On May 20, 1954, Summit Fidelity & Surety Co. of Akron, Ohio, entered into a recognizance in the amount of $7,500 by the terms of which Seaton was required to personally appear in the district court for Douglas County, Nebraska, from day to day, and from term to term, until final judgment, or as directed by the court, until finally discharged, to answer the charge of second degree murder. On the basis of this recognizance Seaton was released from custody.

According to the bill of exceptions trial was set in the case for April 11, 1955. On this date the attorney for Seaton made an application for a continuance which was denied. The bill of exceptions by an exhibit containing a copy of the minutes of the trial judge discloses that on that date the recognizance was forfeited for the reason that Seaton was a fugitive from justice and that he had not appeared in accord with the requirements of the recognizance.

The transcript and the bill of exceptions both disclose that on May 31, 1955, the Summit Fidelity & Surety Co. surrendered Seaton in open court and into the custody of the sheriff. Thereafter Seaton remained in custody of the sheriff until the final disposition of the case.

The case was not tried until October 17, 1955. The trial continued to October 20, 1955. The jury was unable to agree on a verdict. It was accordingly discharged.

The case was again tried. This trial started January

30, 1956. A verdict was returned on February 2, 1956, by which Seaton was found guilty of manslaughter. It is a matter of no controlling significance here but he was sentenced to serve a term of 9 years in the Nebraska State Penitentiary.

On March 13, 1956, the county attorney filed a motion for judgment of default on the recognizance which was forfeited on April 11, 1955.

On March 27, 1956, the Summit Fidelity & Surety Co. filed a request that the court remit the full amount of the "bond" or bail or such part as may seem just and equitable as provided by law.

A trial was had on these motions and the court refused to remit any part of the bail and rendered judgment for the full amount of $7,500. From this judgment Summit Fidelity & Surety Co. has perfected an appeal.

The motion of the county attorney, who will be referred to hereinafter as the appellee, and the request of the Summit Fidelity & Surety Co., which will be hereinafter referred to as the appellant, present the only matters for consideration. The only matter for determination, in the light of the assignments of error, is that of whether or not the court erred in refusing to remit in whole or in part the liability on the recognizance.

The procedure followed by the appellee is in accordance with the provisions of statute. See § 29-1108, R. R. S. 1943. Likewise the procedure followed by the appellant in its effort to obtain a remission of the bail complies with statutory provisions. See §§ 29-1107 and 29-1109, R. R. S. 1943.

Section 29-1107, R. R. S. 1943, contains a general characterization of what should be controlling in the determination of the question of whether or not a forfeiture should be enforced. It is in its nature equitable or, in other words, it requires an equitable approach and determination. Specifically it requires that the action shall be measured in the light of the requirements of justice. The section is as follows: "The court may direct that

a forfeiture of the recognizance be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture."

In application of this provision this court in State v. Konvalin, 165 Neb. 499, 86 N. W. 2d 361, said: "The authority given to the district court to remit a part or all of the penalty of a bail bond is a sound discretion to be exercised not arbitrarily or capriciously but with regard as to what is right and equitable under the circumstances and the law, directed by reason and conscience to a just result." See, also, State ex rel. Smith v. Western Surety Co., 154 Neb. 895, 50 N. W. 2d 100; State v. Honey, 165 Neb. 494, 86 N. W. 2d 187.

The duty of the district court was to ascertain what burden, within the limits of the recognizance, in the light of law, fact, reason, and conscience should be imposed upon the appellant.

Under law there was the duty to render a forfeiture but the law specifically permits remission in whole or in part.

Under the facts there is nothing to disclose any expense incurred by the State except that of the issuance of subpoenas, or any particular inconvenience as a consequence of what occurred which added any financial burden.

In arriving at a determination of what was reasonable the surrounding circumstances and the attitude toward and the purposes of bail of course must be considered. It may well be said that throughout our federal and state history bail has been provided for and favored if not even encouraged. The Eighth Amendment to the Constitution of the United States is as follows: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

Article I, section 9, of the Constitution of Nebraska, provides: "All persons shall be bailable by sufficient sureties, except for treason and murder, where the

proof is evident or the presumption great. Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted."

The primary obligation exacted of a surety on a recognizance is not in the nature of a penalty or forfeiture, but it is an obligation to produce the party released from custody. It is only in case of failure that forfeiture is contemplated. It does not appear reasonable to say that the maximum of the recognizance should be exacted where the surety in good faith has complied with the duty to produce, although belatedly, without any indication that there has been any ultimate interference with or abridgment of the ends of justice. From the language of the statute allowing remission this appears to represent the intention of the Legislature in the enactment of the provision.

This is the attitude expressed by this court toward the present statute and an antecedent statute of like character. The case of State v. Mullally, 98 Neb. 162, 152 N. W. 326, was one where the charge was grand larceny and the recognizance was in the amount of $1,000. The defendant was produced after forfeiture of the recognizance. There was a remission of all except $250. The amount was based upon the expense to which the State and county were put. This court stated that this was not an abuse of discretion.

The case of State v. Konvalin, *supra,* was one wherein the charge was burglary in one count and in another that he was a habitual criminal, and the recognizance was for $3,000. He was after forfeiture surrendered in court. There was a remission of all except $900. This court said with reference thereto: "The essence of the decision of the district court is that it acted as it did in the exercise of allowable discretion guided by appropriate standards."

As a proper definition of discretion required under the statute and which was exercised by the district court this court quoted the following from Styria v.

Morgan, 186 U. S. 1, 22 S. Ct. 731, 46 L. Ed. 1027: " 'The term discretion implies the absence of a hard-and-fast rule. The establishment of a clearly defined rule of action would be the end of discretion, and yet discretion should not be a word for arbitrary will or inconsiderate action.' " By quotation from Langnes v. Green, 282 U. S. 531, 51 S. Ct. 243, 75 L. Ed. 520, it was said: " 'When invoked as a guide to judicial action, it means a sound discretion, that is to say, a discretion exercised not arbitrarily or willfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result.' "

The determination that the remissions in the two cases cited herein were reasonable and represented a sound exercise of judicial discretion cannot be harmonized with the failure to remit any part of the $7,500 or the total of the obligation of the recognizance in the present instance.

This court has said that what was said and done in the two cited cases represented the exercise of a sound judicial discretion. The effect of those pronouncements therefore is to declare that the failure to remit in the present instance was unreasonable and arbitrary. This must be true since nothing is apparent that in reason and good conscience would or could in justice sustain a forfeiture to any great degree in excess of that exacted in State v. Konvalin, *supra*. Accordingly it is held here that the judgment in this respect was erroneous.

In the light of this the question is presented as to what shall be the further disposition of the matter of remission.

In State v. Konvalin, *supra*, it was said with reference to the statute involved here: "The discretion implicit in the statute is bestowed upon and is to be exercised by the district court. This court should not substitute its discretion for that of the district court." In the light of this, is this court required to remand the

matter for further consideration by the district court, or should the amount of revision be determined here?

In the first place, the second sentence of the quotation is obiter dictum since, as is clear, the function of this court was complete when the exercise of discretion by the district court in that case was approved. The question of what should have been done in case of disapproval of discretion was not here for determination.

In the second place, section 25-1925, R. R. S. 1943, as follows, requires that this court shall try the matter de novo and make a decision in all respects independently of the finding and judgment of the district court: "In all appeals from the district court to the Supreme Court in suits in equity, wherein review of some or all of the findings of fact of the district court is asked by the appellant, it shall be the duty of the Supreme Court to retry the issue or issues of fact involved in the finding or findings of fact complained of upon the evidence preserved in the bill of exceptions, and upon trial de novo of such question or questions of fact, reach an independent conclusion as to what finding or findings are required under the pleadings and all the evidence, without reference to the conclusion reached in the district court or the fact that there may be some evidence in support thereof."

It is true that the inquiry is with regard to a statutory matter related to a criminal prosecution, a law action. It however is also true that the subject matter involved in this appeal is by declaration of statute an equitable matter to be decided on the basis of equitable principles and considerations. Even in law actions this court is not barred from the entry of judgment on reversal.

In the early case of Porter v. Sherman County Banking Co., 40 Neb. 274, 58 N. W. 721, it was said: "Except where the decision of an appellate tribunal necessitates a trial of an issue for which the constitution guaranties a trial by jury, it rests in the discretion of the appellate tribunal, upon the reversal of a judgment, to enter in

the appellate court a proper judgment or to remand the case to the court from which it was appealed, either with directions to enter a specific judgment, for a retrial of particular issues, or for a new trial of the whole case. * * *." This pronouncement was approved in Netusil v. Novak, 120 Neb. 751, 235 N. W. 335.

The proceeding here is in its nature equitable within the meaning of the statute and accordingly the trial here is de novo. See, Baum v. McBride, 152 Neb. 152, 40 N. W. 2d 649; Musil v. Beranek, 160 Neb. 269, 69 N. W. 2d 885; Curtis v. Securities Acceptance Corp., 166 Neb. 815, 91 N. W. 2d 19. In this light it is the duty of this court, without regard to what was done by the district court, to independently adjudicate the question of remission and the amount thereof.

In this view, the judgment of the district court is reversed, the amount of remission is fixed at all of the face amount of the $7,500 recognizance, except $1,000, and the cause is remanded with directions to the district court to render judgment accordingly.

REVERSED AND REMANDED WITH DIRECTIONS.