STATE OF NEBRASKA, APPELLEE, V. JACK LEE
ERNEST, APPELLANT.

278 N. W. 2d 355

Filed May 1, 1979. No. 42337.

Judy L. Raetz, for appellant.

Paul L. Douglas, Attorney General, and Lynne Rae Fritz, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

The defendant, Jack Lee Ernest, was convicted of burglary and second degree arson and of being an habitual criminal in 1977. His sentence to imprisonment for 30 years on each count was vacated by this court because he had not been present at the evidentiary hearing on the habitual criminal charge and the sentencing hearing and he had been sentenced over objection. See State v. Ernest, 200 Neb. 615, 264 N. W. 2d 677.

On July 27, 1978, the defendant was again found guilty of being an habitual criminal and was sentenced to imprisonment for 29 years on each count, the sentences to run concurrently with each other and concurrently with a sentence the defendant was then serving in the Iowa penitentiary. On August 9, 1978, $1,500 of the defendant's bond was forfeited and the balance was remitted.

The defendant has appealed and contends that the sentences were excessive, that his bond should not have been forfeited, and that he should have been granted a new sentencing hearing because of misconduct of the county attorney.

The allegation of misconduct relates to a claim by the public defender that the county attorney had agreed to make no statement at the time of sentencing. The county attorney's understanding of the agreement was that he would say nothing concerning the nature of the sentence to be imposed. At the sentencing hearing the county attorney made no statement concerning the nature of the sentence to be imposed but did say that the State had no objec-

tion to the presentence report being brought up to date and that any statement the defendant was willing to make concerning another person who was involved in the burglary and arson would be of no value to the State. The record does not sustain the claim of misconduct and there is nothing in the record that would entitle the defendant to a new sentencing hearing.

The defendant has a lengthy criminal record which includes convictions for assault and battery, forgery, breaking and entering, burglary, attempted burglary, possession of burglary tools, and receiving stolen goods. He is an habitual criminal and the sentences imposed were not excessive.

It is within the discretion of the trial court to remit a part or all of the penalty of a bail bond. § 29-1109, R. R. S. 1943; State v. Konvalin, 165 Neb. 499, 86 N. W. 2d 361; State v. Kennedy, 193 Neb. 472, 227 N. W. 2d 607. An order forfeiting a part of a bail bond and remitting the balance will not be disturbed in the absence of an abuse of discretion.

The State produced evidence that the county had incurred expenses in the amount of $1,441.62 in connection with the second sentencing hearing which was necessitated by the defendant's failure to appear at the first hearing. There was no abuse of discretion in forfeiting $1,500 of the defendant's bond.

The judgment of the District Court is affirmed.

AFFIRMED.