REQUESTED BY: Senator Martin F. Kahle Nebraska State Legislature 1122 State Capitol Lincoln, Nebraska 68509
Dear Senator Kahle:
This is in response to your inquiry containing a number of questions regarding the bail statutes. You indicate that you need this information for preparation of amendatory legislation. We will restate and answer your questions in the order presented in your letter.
(1)In view of the language about the defendant's `option' contained in 29-901(3) (R.R.S. 1943), is it permissible for a judge to summarily reject the use of a `bail bond' or `surety bond' in a class of cases or in a particular case?
As you know, § 29-901(3) gives the court the authority to require a bailable defendant to select either of two choices in order to be released from custody:
 (a) The execution of an appearance bond and a deposit of not to exceed 10 percent of the amount of such bond in cash, 90 percent of which deposit is to be returned upon performance of the appearance and 10 percent to be retained as part of the cost; or
 (b) the execution of a bail bond with such sureties as the judge deems proper or, in lieu of sureties, at the option of the person putting up bond, a cash deposit of the sum fixed.
We assume, since your question is limited to 29-901(3) that your question assumes the court has rejected releasing the defendant on the other options preceding and following subsection (3). Under this assumption, the court could not reject, summarily or otherwise, the release of the defendant on some type of bond as outlined in subsection (3) except in the cases outlined in the Nebraska Constitution.
Article I, Section 9 of the Nebraska Constitution provides:
 All persons shall be bailable by sufficient sureties, except for treason, sexual offenses involving penetration by force or against the will of the victim, and murder, where the proof is evident or the presumption great. Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. (Amended, 1978.)
Since subsection (3) of § 29-901 gives the defendant the choice of either (a) or (b), discussed above, the court would have to give the defendant both options and permit him to select. Of course, the court sets the amounts involved and has a reasonable discretion as to approval of the surety or sureties.
The court could reject the bonds under subsection (3) and release the defendant under conditions imposed under subsection (4) without violating the constitution. (2)When are the requirements discussed in the last two sentences of 29-901(3)(b) applicable to surety bond arrangements?
There are a number of sentences immediately after 29-901(3)(b), not separated by a paragraph, which generally describe the various requirements of recognizances in criminal cases and their application in specific situations. We assume, from the further content of your letter, that the last two sentences to which you refer are the last two sentences at the end of the paragraph which provide:
 Each surety on such recognizance shall be required to justify under oath in a sum twice the amount of such recognizance and give the description of real estate owned by him of a value above encumbrance equal to the amount of such justification, and shall name all other cases pending in which he is a surety. No one shall be accepted as surety on recognizance aggregating a sum in excess of his equity in his real estate, but such recognizance shall not constitute a lien on the real estate described therein until judgment is entered thereon against such surety.
The above portion of the statute immediately follows a sentence authorizing a recognizance to include all offenses charged when two or more indictments or informations are returned against the same person. While it is somewhat equivocal, we believe the quoted portion is meant to apply to all surety bonds and not just those involving two or more indictments, since the statute contains no other directions or requirements as to surety bonds in single indictment situations.
You will note that the beginning of the quoted portion uses the term `shall' which, by the terms of § 49-802 (Reissue 1978), presumes mandatory action unless inconsistent with the manifest intention of the Legislature. No inconsistency appears and the court would have no authority to waive this requirement if such a bond were in fact to be used.
(3)Could a condition such as abstinence from the consumption of alcohol be imposed upon a defendant under 29-901 in a DWI case?
As you mention, § 29-901 requires the court in setting up the conditions of release to impose the first of the conditions thereafter set forth which will assure appearance. If no single condition gives that assurance, any combination of the conditions thereafter listed may be used. We see no reason why the condition you suggest in this question could not be used under the authority of subsection (4) which authorizes the court to `Impose any other condition deemed reasonably necessary to assure appearances as required,' provided the court had reasonable grounds to believe alcohol may interfere with the defendant's appearance. It would not fit within the meaning of `association' in subsection (2) in our opinion.
(4)Does a court have absolute discretion in determining when to set aside or remit a forfeited recognizance under 29-1107
or 29-1109?
A court does not have absolute discretion but, as stated in Langnes v. Green, 282 U.S. 531, quoted with approval by the Supreme Court of Nebraska in State v.Konvalin, 165 Neb. 499 at 502. `It means a sound discretion, that is to say, a discretion exercised not arbitrarily or willfully, but with regard to what is right and equitable under the circumstances.'
In State v. Konvalin, supra, the defendant, shortly before he was to appear in court in Nebraska, went to Council Bluffs, Iowa, where he got into a fight and was severely beaten, claims he was transported to Missouri where he was picked up on a felony charge and missed his appearance in Nebraska. He later waived extradition to Nebraska and appeared a few days late. The Nebraska court entered a forfeiture of the bond but remitted approximately two-thirds.
The Supreme Court of Nebraska stated, `The discretion implicit in the statute is bestowed upon and is to be exercised by the district court. This court should not substitute its discretion for that of the district court.'
We have no doubt that there are circumstances in which a court would be justified in entering judgment for the full amount of the recognizance without violating any constitutional principles.
We hope this will be of assistance to you.
Very truly yours, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General