The People of the State of New York, Appellant, *v.* Benjamin Valvo, Defendant, and National Surety Corporation, Defendant-Respondent.

First Department, April 9, 1943.

*Bernard L. Alderman, Deputy Assistant District Attorney,* of counsel (*Stanley H. Fuld, Assistant District Attorney; Frank S. Hogan, District Attorney*), for appellant.

*Albert Felix* of counsel (*Murray W. Greif* with him on the brief), for respondent.

*Per Curiam.* The refusal of the District Attorney to issue a certificate that the People had lost no rights and had not been prejudiced by the failure of the surety to produce the prisoner was neither capricious nor unreasonable. The prisoner failed to appear for sentence on June 27, 1941, or thereafter, notwithstanding that he was at liberty until March 6, 1942, at which time he was arrested for a crime committed in the State of Michigan and subsequently sentenced there to a prison term of not less than five nor more than fourteen years. Under these circumstances it cannot be said that the People have lost no rights.

The present case differs altogether from *People* v. *Baldwin* (264 App. Div. 848). There the prisoner on June 20, 1941, had furnished a bond of the surety for $300 for her appearance on June 23, 1941. On that day the prisoner failed to appear but the court was informed that she was then in New Jersey arranging bail to answer other charges pending against her there. Nevertheless the bond was declared forfeited by the Magistrate. On the following day, the defendant appeared and a new bond was given in the sum of $500. A bond in the amount of $500 having been substituted for the bond for $300 and the prisoner having appeared only one day after the date on which her appearance was required under the earlier bond, it is evident that the People had lost no rights.

The order should be reversed, with twenty dollars costs and disbursements and the motion denied.

MARTIN, P. J., TOWNLEY, GLENNON, UNTERMYER and COHN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements and the motion denied. Settle order on notice.