STATE OF NEBRASKA, APPELLEE, v. FRANK REED, APPELLEE, RESOLUTE INSURANCE COMPANY, OF HARTFORD, CONNECTICUT, SURETY FOR FRANK REED, APPELLANT.

133 N. W. 2d 591

Filed March 5, 1965. No. 35821.

O'Neal & Krause, for appellant.

Paul L. Douglas and William D. Blue, for appellee State of Nebraska.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

WHITE, C. J.

The district court ordered forfeiture and subsequently entered judgment for the full amount of a bail bond in the sum of $5,000. The surety Resolute Insurance Company appeals. Frank Reed was charged with a felony, appeared on the first day of trial, September 30, 1963,

departed during the noon recess, and has never appeared or been returned to the jurisdiction of the court since. On the same date, September 30, 1963, pursuant to the requirements of section 29-1106, R. R. S. 1943, the bail bond was forfeited. A representative of the insurance company was present in court on September 30, 1963. On the motions of both parties, hearing was held and evidence adduced on November 26, 1963, on the issue of whether the insurance company was entitled to a remission of all or part of the amount of the bond under the terms of section 29-1107, R. R. S. 1943, which vests discretion in the district court to remit if it appears that the interests of justice do not require the enforcement of the forfeiture. The court refused remission, entered judgment for $5,000, and on the overruling of a motion for a new trial on March 10, 1964, the insurance company appeals.

The bond provided that Reed appear on September 30, 1963, at 9 a.m., and *from day to day*, and from term to term, until final judgment or as directed by the court, and *should not depart said court without leave*.

We examine the nature of this obligation, the liability imposed, and the reasons therefor. They are well stated in State v. Morse, 171 Neb. 87, 105 N. W. 2d 572, wherein it is stated: "If the surety on a bail bond fails to deliver his principal into the custody of the proper officer of the law or to procure his attendance in court as the bond requires, the liability of the makers of the bond for the penalty thereof becomes absolute and the bond should be forfeited. A bail bond is a contract between the surety and the State that if the latter will release the principal from custody, the surety will undertake that the principal will appear personally at any specified time and place to answer the charge made against him; and upon failure of the principal to so appear, the makers of the bond become absolute debtors of the State in the amount of the penalty of the bond. When a surety makes a bail bond it assumes the risk involved if its

faith in the principal is misplaced. State v. Honey, 165 Neb. 494, 86 N. W. 2d 187."

There is no duty on the part of the State to prove damages. State v. Konvalin, 165 Neb. 499, 86 N. W. 2d 361. The giving of the bond transfers custody to the surety who becomes the keeper or jailer of the accused, the surety's dominance is a continuation of the original imprisonment, the State may not interfere with the surety's control, and the surety may discharge itself from liability at any time by surrendering the accused. State v. Liakas, 165 Neb. 503, 86 N. W. 2d 373.

The obligation on the bond having become absolute, an allowable sound discretion is vested in the district court to remit in whole or in part. § 29-1107, R. R. S. 1943; State v. Konvalin, *supra*. It does not appear that the district court abused this discretion. On the record before us, there is an entire failure of justice solely because of surety's failure to perform its obligation. Its representative was in court when Reed appeared, did not surrender him up, the State had no authority to interfere, and the trial, Reed disappearing, became a nullity. His appearance at all times during this criminal trial was a necessity to the processes of justice. The breach was the substantial equivalent, or perhaps worse, than no appearance at all. The contract of the surety is identical with that of the principal. There is no showing here of a sufficient excuse for failing to keep the continuing condition of appearance in the bond or that there was no design to evade justice. The opposite appears. The principal became a fugitive from justice and has made a successful effort to evade the law. Mere hardship or expense to the surety will not excuse. The risk, with which the State may not interfere, is on the surety. State v. Liakas, *supra*. We point out that it is obvious that the State has been prejudiced and it does not appear when, if ever, a trial may be had. The difficulties arising from witness' vanishing and reviving the testimony are obviously prejudicial to the State's right in

any indefinite delay of a criminal trial. It defies common sense to remit part of this bond because of Reed's token appearance for trial for a few hours. The principal and the surety's breach in this case were total and not "partial." On the record before us, it would have been an abuse of discretion to relieve from the total violation of the clear and mandatory provision of the surety's obligation.

Surety cites no case supporting its position. In the Nebraska cases cited by surety, the defendant was produced and stood trial in a short period of time after the original default. The State had its trial and justice was served. No case is cited nor has our research produced a case where a defendant has absconded in the middle of a trial and became a fugitive from justice, and not reappeared, where relief or remission was granted. The general rule is that escape within the time for trial affords no excuse to the surety. 8 Am. Jur. 2d, Bail and Recognizance, § 99, p. 840.

The notice of appeal in this case was filed on April 9, 1964, vesting jurisdiction of the matter in this court. After briefs of both parties were filed in this court, surety filed a motion in the district court to amend the bill of exceptions already filed in this court under Rule 7e of this court. Its purpose was to include additional evidence as to the accused Reed's sentence to the Missouri State Penitentiary for 3 years for an offense committed in the State of Missouri. The district court properly rejected this application. The purpose of Rule 7e is to permit corrections by amendment to reflect the true status of the evidence in the record even after filing of the bill of exceptions in this court. The rule does not permit, for obvious reasons, the introduction of new issues in the case while on appeal by means of additional and new evidence. Such a construction would create chaos in appellate court jurisdiction. Parties cannot continue the litigation already ended and introduce new evidence on the issues or raise new issues which this

court can consider after the appeal is here on the record the parties actually made. The surety filed its motion to remit the forfeiture, introduced evidence, and had its day in court. No evidence of this nature was introduced at the trial nor did the surety assert it by affidavit or otherwise as newly discovered evidence in its motion for a new trial and to vacate the judgment which was overruled by the district court on March 10, 1964. It is elementary that our jurisdiction is confined to the record before us. This purported evidence is not nor ever was a part of that record and may not be considered by us on this appeal. We note in passing that the new issue raised by the surety must be resolved against it in any event. The rule is general that relief on a bond will be refused where a defendant was at large on the date of the default and was arrested or imprisoned in another state after the default and the forfeiture of the bond. 8 Am. Jur., Bail and Recognizance, § 187, p. 885; People v. Valvo, 265 App. Div. 722, 40 N. Y. S. 2d 627; State v. Pelley, 222 N. C. 684, 24 S. E. 2d 635; Wallace v. State, 196 Tenn. 577, 269 S. W. 2d 780; State v. Douglas, 91 W. Va. 338, 112 S. E. 584, 26 A. L. R 408. See, also, Annotation, 4 A. L. R. 2d 449; King v. State, 18 Neb. 375, 25 N. W. 519; State v. Altone, 140 Me. 210, 35 A. 2d 859 (quoted with approval in State ex rel. Smith v. Western Surety Co., 154 Neb. 895, 50 N. W. 2d 100).

The judgment of the district court is in all respects correct and is affirmed.

AFFIRMED.