UNITED STATES of America,
Appellee,

v.

Albert AGUECI, Defendant,

The Stuyvesant Insurance Company,
Surety on Bond, Appellant.

No. 480, Docket 30875.

United States Court of Appeals
Second Circuit.

Argued June 6, 1967.

Decided June 26, 1967.

Henry B. Rothblatt, New York City, (Emma A. Rothblatt and Joel Winograd, New York City, on the brief), for appellant.

Lawrence W. Schilling, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, New York City, James G. Greilsheimer, Asst. U. S. Atty., on the brief), for appellee.

Before MOORE, FRIENDLY and ANDERSON, Circuit Judges.

PER CURIAM:

The Stuyvesant Insurance Company (Surety) appeals from an order of the district court denying a motion to set aside bail forfeiture. Albert Agueci was indicted in the Southern District of New York on September 11, 1961 on several counts of violating the federal narcotics laws. A bail bond in the sum of $20,000 was issued by Surety on behalf of Agueci guarantying his appearance in the district court on the morning of October 9, 1961. Agueci failed to appear and on October 9th the district court ordered forfeiture of bail. On April 8, 1966, Surety brought the instant motion before Judge Herlands who had initially ordered forfeiture of bail, to set aside the forfeiture "on the ground that justice does not require the enforcement thereof." See Fed.R.Crim.Pro. 46(f) (2).[1]

1. Rule 46(f) (2) provides:
"Setting Aside. The court may direct that a forfeiture be set aside, upon such conditions as the court may im- pose, if it appears that justice does not require the enforcement of the forfeiture."

Judge Weinfeld had denied a prior application for relief on November 1, 1965, without prejudice.

Judge Herlands held an evidentiary hearing on the instant motion at which Mrs. Vita Agueci and Miss Tommasa Agueci, Agueci's wife and daughter, respectively, testified that Agueci left their home in Toronto, Canada, on October 8, 1961, after telling them that he was going to New York to appear at this trial. They never saw him again as his murdered body was found in upstate New York on November 23, 1961. The Medical Examiner of Monroe County, New York, testified that Agueci probably had been killed several days prior to November 23rd with the outside possibility that he had been killed as much as two weeks before that date—still a month after Agueci left his home in Toronto.

Surety makes two arguments as to why bail should not have been forfeited in this case. It first contends that, as Agueci left Toronto with the apparent intention of going to New York and was later murdered, the logical inference is that he was kidnapped on his way to New York and his default was thus not voluntary. The district court rejected the kidnapping theory, finding that the testimony of Agueci's wife and daughter lacked credibility and noting that Surety had offered no evidence concerning its or Agueci's family's efforts to locate Agueci on or after October 9, 1961.

Surety also argues that the forfeiture of bail in this case works an undue hardship on innocent third parties. To obtain the bail bond, Agueci persuaded one Frank Cutrona to execute a $10,000 mortgage on his house as security for the bond. Cutrona now stands to lose his house. Agueci's wife had guaranteed the remaining portion of the bond and apparently has had to sell her Toronto home to meet the bond's terms.

Recognizing these legitimate claims of hardship, the district court nevertheless decided that the public interest demanded forfeiture of the bond. The case against Agueci and several co-defendants was one of the most important narcotics prosecutions in years. Judge Herlands, who presided over the trial of the co-defendants after Agueci failed to appear, found that the evidence most convincingly established that Agueci had played a major role in an international narcotics ring and that his arrest and subsequent nonappearance were widely publicized. Under these circumstances, he ruled that "the public interest and the specific necessity of effectuating the appearance of criminal defendants in large-scale narcotics cases outweigh the humanitarian appeal of the defendant's wife and daughter."

We hold that the district court properly exercised its discretion in denying the instant motion as its findings are supported by the record.

Affirmed.