Victor Thornwall JEFFERS, as principal, and Betty I. Jeffers, William O. Barfield, Marvin McDaniel and L. R. Jeffers, as sureties, Appellants,

v.

UNITED STATES of America, Appellee.

No. 78–5079.

United States Court of Appeals,
Fourth Circuit:

Argued Oct. 6, 1978.

Decided Dec. 6, 1978.

Jan S. Strifling, Columbia, S. C. (Herbert W. Louthian, Columbia, S. C., on brief), for appellants.

Joel W. Collins, Jr., Asst. U. S. Atty., Columbia, S. C. (Thomas E. Lydon, Jr., U. S. Atty., and Mary G. Slocum, Asst. U. S. Atty., Columbia, S. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BUTZNER and PHILLIPS, Circuit Judges.

BUTZNER, Circuit Judge:

Mrs. Betty I. Jeffers and three other sureties on the bail bond of the late Victor Jeffers appeal from the district court's order denying remission of any part of the bond which was forfeited when Jeffers absconded. We affirm in part, vacate in part, and remand.

Victor Jeffers was convicted of conspiring to import marijuana into the United States and of related offenses. Although he had twice previously violated his conditions of release, the district court released him on bail in the amount of $109,500 pending appeal.

Jeffers absconded shortly after we affirmed his conviction. The district court then entered judgment of forfeiture in the entire amount of the bond. Seven weeks later, Jeffers was killed in an airplane crash in Jamaica. Following another hearing, the district court refused to remit any of the forfeiture and directed sale of the real estate tendered to the court by the sureties. In reaching this decision, the district court properly considered the sureties' knowledge of the risk that they assumed, Jeffers's willful flight to escape imprisonment, the inconvenience and expense imposed on the government, and the need to deter similar violations of the law.

The sureties contend that $11,500 in cash tendered by Betty Jeffers as part of the bond should be deemed a sufficient forfeiture, or in the alternative, that the forfeiture should be limited to the cash plus two tracts of unimproved land valued at approximately $45,000. They stress that the government's efforts to locate Jeffers were closely linked to a search for a fugitive named Hawkins. They claim that except for the cost of identifying Jeffers's body, the government's search involved no expenses other than those necessarily incurred in looking for Hawkins, and they ask us to conclude that none of the search expenses are attributable to Jeffers.

The district court's initial declaration of forfeiture was proper. Federal Rule of Criminal Procedure 46(e)(1) makes forfeiture mandatory upon a finding that there

has been a breach of a condition of bail. *See United States v. Foster,* 417 F.2d 1254, 1257 (7th Cir. 1969). However, the command of Rule 46(e)(1) is "considerably tempered by the discretion and flexibility contained in 46(e)(2)," which permits the court to set aside a forfeiture "if it appears that justice does not require" its enforcement. *See United States v. Nell,* 169 U.S.App.D.C. 380, 382, 515 F.2d 1351, 1353 (1975). Furthermore, after entry of a judgment of forfeiture, Rule 46(e)(4) authorizes the court in the exercise of its discretion to "remit it in whole or in part under the conditions applying to the setting aside of forfeiture."

██ Two competing principles control remission. First, a forfeiture should bear some reasonable relation to the cost and inconvenience to the government and the courts. *United States v. Kirkman,* 426 F.2d 747, 752 (4th Cir. 1970). Second, if a violation of a condition of release is more than technical, the court may require a substantial forfeiture to deter not only the defendant but others from future violations. *See, e. g., United States v. Agueci,* 379 F.2d 277, 278 (2d Cir. 1967). Applying these principles, we conclude that the district court properly rejected the arguments advanced by the sureties.

Nevertheless, the government's own representations to the court indicate that a partial remission is appropriate. At the hearing on the motion to remit, the government submitted a memorandum which, although acknowledging that the court would be justified in refusing to remit any of the forfeiture, stated:

> [S]ince Mr. Jeffers was killed in a plane crash, and since he left a wife and two children, the government is sure that the Court will bear this in mind and make some provisions for them. The government would suggest that the Jeffers' residence on Prestwick Circle, which was put up as part of the bond, be exempted from the forfeiture, as well as the assets and inventory of the B & J Fence Company, which is a business that has been operated by Mrs. Jeffers from time to time.

██ Of course, a court is not always required to accept the concessions of a party, particularly in a proceeding where the public interest, as distinguished from the government's, is at stake. Here, however, the government had information about its expenditures which it did not divulge to the court.[1] Because the government alone has the data necessary to calculate its expenditures, we believe that its concession should have been accepted in this adversary proceeding. Moreover, at the bail hearing, the court found that the collateral, excluding the Jeffers residence and the fence company,[2] had a net value of about $90,000. Although the precise value cannot be ascertained until the collateral is liquidated, the government's representation that partial remission would satisfy the exactions of the law and the ends of justice appears to be reasonable.

Accordingly, we affirm the district court in part and remand the case with directions that the court modify its order denying remission by exempting Mrs. Jeffers's residence and the fence company from forfeiture. Since the government has substantially prevailed, it shall recover its costs.

---

[1] As the government pointed out in its memorandum to the district court, it was not obliged to release this information unless the court required it to do so. *United States v. Davis,* 202 F.2d 621, 625 (7th Cir. 1953).

[2] At oral argument, we were told that the fence company now has no value.