**INTERNATIONAL FIDELITY INSURANCE COMPANY, Plaintiff,**

v.

**David CROSLAND, as Acting Commissioner of the Immigration and Naturalization Service and John J. Gaffney, as Acting District Director of the New York District of the Immigration and Naturalization Service, Defendants.**

**No. 80 Civil 1956.**

United States District Court, S. D. New York.

June 5, 1981.

Barst & Mukamal, New York City, for plaintiff; Nicholas Paul Altomerianos, New York City, of counsel.

John S. Martin, Jr., U. S. Atty., S. D. N. Y., New York City, for defendants; Michael D. Patrick, Special Asst. U.S. Atty., New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

The plaintiff-insurance company executed a $2,500 bond to the Immigration and Naturalization Service (the "Service") under which its obligation was to cause Steve Rodousakis, an alien seaman, "to be produced or to produce himself to an immigration officer of the United States upon each and every request of such officer until deportation proceedings are finally terminated or until the said alien is actually accepted by such immigration officer for detention or deportation." After proceedings which were adverse to the alien, the Service issued on December 11, 1978 a notice to the plaintiff-surety and to the attorney for the alien requiring the alien's appearance for deportation on January 3, 1979. It is not disputed that plaintiff did not produce the alien and that the alien failed to appear or present himself for deportation on the designated date. The District Director in due course notified plaintiff that its undertaking was breached and, upon appeal, that determination was upheld. Thereafter plaintiff commenced this action for a declaratory judgment that it has fulfilled its bond obligation and is not liable thereunder. The sole basis upon which it contends it has been discharged from its obligation to produce the alien is that after the Service sent its notice that the alien was to surrender on January 3, 1979, and prior to the surrender date, the alien's attorney, who was also the attorney for the plaintiff, notified the Service of the alien's address and thereupon it was the duty of the Service to arrest the alien for deportation. Thus plaintiff contends that, having notified the Service of the alien's whereabouts, the Service was under a duty to arrest him and to take him into custody.

But the obligation under the bond was upon the plaintiff to "cause the said alien to be produced or to produce him to an immigration officer." Notifying the Service of the address of the alien in advance of the surrender date did not satisfy that obligation. The fact that the Service is under a duty to take appropriate steps to effect the deportation of an alien does not relieve the surety of its obligation under the bond. The contention of the surety is without substance in law or in fact. To accept it would render undertakings to assure the appearance of aliens to effect their deportation without meaning. *Cf. United States v. Aguecci*, 379 F.2d 277, 278 (2d Cir.), *cert. denied*, 389 U.S. 897, 88 S.Ct. 217, 19 L.Ed.2d 215 (1967); *United States v. Burnett*, 474 F.Supp. 761 (S.D.N.Y.1979).

The failure of plaintiff to produce or cause to produce the alien on January 3, 1979 constituted a substantial violation of the terms of the bond. It is liable upon its undertaking and the action of the Immigration Service in declaring plaintiff liable is upheld. The action is dismissed upon the merits.