**The ACCREDITED SURETY AND CASUALTY COMPANY, as surety for James York Snyder, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**In the case of: USA, Plaintiff,**

v.

**James York SNYDER, Defendant.**

**No. 81–2074.**

United States Court of Appeals, Fourth Circuit.

Argued Oct. 31, 1983.

Decided Dec. 22, 1983.

O.W. Bannister, Jr., Greenville, S.C. (Hill, Wyatt & Bannister, Greenville, S.C., on brief), for appellant.

Mary G. Slocum, Asst. U.S. Atty., Columbia, S.C. (Henry Dargan McMaster, U.S. Atty., Columbia, S.C., on brief), for appellee.

Before RUSSELL, WIDENER and SPROUSE, Circuit Judges.

SPROUSE, Circuit Judge:

The Accredited Surety and Casualty Company (Accredited) appeals from an order of the United States District Court for the District of South Carolina forfeiting $25,000 of a $75,000 bond posted by Accredited in behalf of James York Snyder, who failed to appear at a preliminary hearing on charges of illegal importation of marijuana. Appellant contends that the district court abused its discretion because the forfeiture (1) bore no reasonable relationship to the government's costs to apprehend Snyder and (2) it did not allow Accredited to be heard on the issue of the amount of the forfeiture. We find no error in the district court's actions, and affirm.

Accredited is a registered bonding company which, on January 14, 1978, executed a $75,000 bail bond to secure the appearance of Snyder, an accused drug trafficker, at the times set for pretrial motions and trial. Snyder was scheduled to appear at the United States Courthouse, Charleston, South Carolina, on June 12, 1978. He failed to appear, and the Court issued a bench warrant for his arrest. Federal authorities arrested Snyder in Ft. Lauderdale, Florida, shortly before his intended departure for the Bahamas. He was returned to South Carolina, where ultimately he pleaded guilty to illegal importation of marijuana.

The government petitioned the district court, on April 14, 1979, for a Rule to have Snyder and Accredited Show Cause why the $75,000 bond should not be forfeited. Accredited appeared at the show-cause hearing held on April 16, 1979, and the court determined that the bond should be forfeited. In an order dated September 17, 1980, the court remitted $50,000 effectively forfeiting $25,000. On November 21, 1980, Accredited filed a Motion for Remission of Forfeiture pursuant to Rule 46(e)(4) of the Federal Rules of Criminal Procedure. The district court denied the motion on September 30, 1981. This appeal followed.

In *Jeffers v. United States,* 588 F.2d 425, 426–27, (4th Cir.1978), we held that F.R. Crim.P. 46(e)(1) "makes forfeiture mandatory upon a finding that there has been a breach of condition of bail." Accredited, however, relies on subsections (e)(2) and (e)(4) of Rule 46, which allow the trial court discretion to set aside or remit the forfeiture "if it appears that justice does not require" enforcement. *Id.* at 427. We recognized in *Jeffers* that

"[t]wo competing principles control remission. First, a forfeiture should bear some

reasonable relation to the cost and inconvenience to the government and the courts. *United States v. Kirkman,* 426 F.2d 747, 752 (4th Cir.1970). Second, if a violation of a condition of release is more than technical, the court may require a substantial forfeiture to deter not only the defendant but others from future violations." *See, e.g., United States v. Agueci,* 379 F.2d 277, 278 (2d Cir.1967) *Id.* The district court's remission of two-thirds of the $75,000 bond properly accommodates these competing principles. It found that the government expended $7,500 in recovering defendant Snyder and returning him to South Carolina from Ft. Lauderdale. We are not prepared to disturb that finding. Moreover, the district court ruled correctly that Snyder's patent attempt to elude justice was not a mere "technical" violation of the conditions of release. Finally, there is no merit to Accredited's contention that it had no opportunity to present argument to the trial court.

Accordingly, the district court's order is AFFIRMED.