798 F.2d 1408
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Appeal of ALLEGHENY MUTUAL CASUALTY CO., Appellant,
In re UNITED STATES of America, Appellee,
v.
Harry Carter RUSSELL, Jr.; Lee Summerfield Rushing; Harold
Pinzki; John Michael Scanlan; Alfred Klootwyk, Defendants.
 No. 85-5185.
 United States Court of Appeals, Fourth Circuit.
 Argued June 6, 1986.
Decided Aug. 13, 1986.
 
 Harry Levy (Robert B. Schulman; Schulman & Treem, P.A. on brief), for appellant.
 Glenda G. Gordon, Asst. U.S. Atty. (Breckinridge L. Willcox, U.S. Atty.; Max H. Lauten, Asst. U.S. Atty.; Dennis E. Boyle, Law Clerk on brief), for appellee.
 D.Md.
 AFFIRMED.
 Before MURGNAGHAN* and ERVIN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Harry Russell, charged with making a false statement on an application for a passport, was ordered released upon the posting of bail in the amount of $100,000. $75,000 of that amount was nominally covered by a bond posted by Russell and his wife and secured by their interest in real estate. The remaining $25,000 was covered by an appearance bond of Allegheny mutual Casualty Co.
 
 
 2
 After conviction but before the imposition of sentence, Russell fled. Forfeiture of the bonds was ordered.
 
 
 3
 No appeal was taken from the order of forfeiture. Hence we do not consider the bonding company's contentions that the order of forfeiture was erroneous.
 
 
 4
 Many months after having become a fugitive, Russell was apprehended in Connecticut, and the bonding company then filed a petition for remission of its forfeited bond. The petition was denied upon a finding that the expenses incurred by the United States in searching for and recap turing Russell far exceeded the $31,000 the United States realized from the real estate securing the personal bond plus the bonding company's $25,000.
 
 
 5
 The decision to remit a forfeited bond in whole or in part under Fed.R.Crim.P. 46(e)(4) is within the discretion of the district court. United States v. Mizani, 605 F.2d 739, 740 (4th Cir. 1979). In exercising that discretion, the district court should consider whether there is a reasonable relationship between the amount of the forfeiture and the cost and inconvenience to which the United States has been put by reason of the defendant's failure to appear, but if a violation is more than technical, a district court may require a substantial forfeiture for the purpose of deterrence. Accredited -Co. v. United States, 723 F.2d 368, 369-70 (4th Cir. 1983) (quoting Jeffers v. United States, 588 F.2d 425, 427 (4th Cir. 1978) ).
 
 
 6
 The district court found that the government's total expenses substantially exceeded the $56,000 it recovered from Allegheny's bond and the sale of Russell's real estate. The direct cost of agent time in searching for and appre hending Russell was approximately $52,000. There are, of course, indirect costs, and the district court remarked upon the extra work that Russell's flight had required of it and of the United States Attorney.
 
 
 7
 There was no abuse of discretion in denying the petition for remission.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Judge Murnaghan participated in the conference but because of illness was unable to give consideration to this opinion