STATE OF NEBRASKA, APPELLEE, V. FRANK HERNANDEZ,
APPELLANT.

511 N.W.2d 535

Filed May 18, 1993.   No. A-92-163.

Byron M. Johnson, Scotts Bluff County Public Defender,
and Jeffery A. Pickens for appellant.

Don Stenberg, Attorney General, and Marilyn B.
Hutchinson for appellee.

SIEVERS, Chief Judge, and IRWIN, Judge, and HOWARD,
District Judge, Retired.

IRWIN, Judge.

Frank Hernandez appeals from the district court's order
overruling Hernandez' motion to set aside his bond forfeiture.

## BACKGROUND

On May 7, 1991, Frank Hernandez was convicted of
possessing a controlled substance, cocaine, with intent to
deliver. He was sentenced to imprisonment for a period of not
less than 3 nor more than 5 years. On July 12, the district court
ordered that Hernandez be allowed to remain at liberty pending

his appeal. His $25,000 appearance bond was continued to act as an appeal bond. Prior to his conviction, Hernandez had been allowed to deposit 10 percent of the amount, in cash, as provided by Neb. Rev. Stat. § 29-901 (Reissue 1989). The appeal bond had a number of provisions in it, among which was "You will not break any law while out on bond."

According to appellant's brief, on January 7, 1992, Hernandez was charged with two counts of misdemeanor assault. Trial on these charges was set for March 24, 1992. Asserting that Hernandez had breached a condition of his bond by breaking the law, the Scotts Bluff County Attorney filed a motion to revoke and forfeit Hernandez' appeal bond. After an evidentiary hearing on January 17, 1992, the district court found that Hernandez had violated a condition of his bond, and sustained the motion. The court stated:

> [T]he evidence here establishes that there was a violation of the condition [to not break any law while out on bond]. Section 29-1186 [sic] reads, that when there is a breach of condition of a recognizance, the Court shall declare a forfeiture, it doesn't say ought or might, or could, but the Court shall. And so I think it is necessary to declare that there was a forfeiture of the bail.

Hernandez filed a motion to set aside the forfeiture of recognizance, based on Neb. Rev. Stat. § 29-1107 (Reissue 1989). That section reads: "The court may direct that a forfeiture of the recognizance be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture." On January 30, 1991, the court denied Hernandez' motion.

## STANDARD OF REVIEW

It is true that the review regards a statutory matter related to a criminal prosecution as a law action. However, it is also true that according to § 29-1107, the subject matter involved in an appeal regarding a motion to set aside a forfeiture is an equitable matter to be decided on the basis of equitable principles and considerations. The proceeding to set aside a forfeiture is in its nature equitable, within the meaning of the statute, and accordingly, the review here is de novo. *State v.*

*Seaton*, 170 Neb. 687, 103 N.W.2d 833 (1960).

Regarding a question of law, an appellate court has an obligation to reach a conclusion independent of that of the trial court in a judgment under review. *Nebraska Builders Prod. Co. v. Industrial Erectors*, 239 Neb. 744, 478 N.W.2d 257 (1992).

## DISCUSSION

*Jurisdiction.*

We first address the issue of jurisdiction of this court.

The State argues that Hernandez violated Neb. Ct. R. of Prac. 1C (rev. 1992) in filing a second appeal in a case previously appealed. In the direct appeal previously filed, Hernandez requested review of his conviction for possession of cocaine with intent to deliver. That appeal was recently decided in *State v. Hernandez*, 242 Neb. 78, 493 N.W.2d 181 (1992). The State also argues that consolidation of this appeal with the appeal of the conviction for possession was not appropriate, because under Neb. Ct. R. of Prac. 5E (rev. 1992), parties cannot raise new issues in a case already on appeal, but can only amend the bill of exceptions to reflect the true status of the evidence in the record. See *State v. Reed*, 178 Neb. 370, 133 N.W.2d 591 (1965).

If Hernandez is, as the State argues, barred from filing a second appeal and also from consolidating his appeal, then he has no remedy as to the forfeiture of his bond. We do not agree with this assertion.

While there is no Nebraska statute or case which explicitly holds that an order ruling on a motion to set aside a bond forfeiture is appealable, the Nebraska Supreme Court has heard appeals from such orders. See, *Seaton, supra*; *State v. Konvalin*, 165 Neb. 499, 86 N.W.2d 361 (1957).

Neb. Rev. Stat. § 25-1911 (Cum. Supp. 1992) requires a final order as a prerequisite to an appeal. Neb. Rev. Stat. § 25-1902 (Reissue 1989) defines a final order as follows:

An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order

which may be vacated, modified or reversed, as provided in this chapter.

In the present action, the district court denied Hernandez' motion to return the forfeited bond moneys. There can be little doubt that this ruling affects a substantial right of Hernandez, who may be permanently deprived of $2,500. This determination was made in a special proceeding. A proceeding is held to be special when it involves a special statutory remedy which is not, in and of itself, an action. See *State v. Loomis*, 195 Neb. 552, 239 N.W.2d 266 (1976). The court's denial of Hernandez' motion to set aside the forfeiture was, in effect, a final determination of this issue at the trial court level. However, as mentioned in *People v. Wilcox*, 53 Cal. 2d 651, 349 P.2d 522, 2 Cal. Rptr. 754 (1960), in a state with statutory forfeiture laws similar to our own, this rule applies only to a ruling on a motion to set aside a forfeiture and not to the original order of forfeiture. In the latter case, the parties may still seek further relief from the trial court by a motion to set aside the forfeiture, and they are not entitled to an appeal until after such relief is sought. We conclude that the ruling on a motion to set aside the forfeiture of an appeal bond made pursuant to § 29-1107 is an appealable order.

In addition, although a notice of appeal had been filed regarding the criminal conviction and sentence, the district court was not deprived of jurisdiction to rule on the forfeiture of bond and related matters. This is so because the forfeiture of bail and matters regarding the same are independent of and collateral to the original criminal action. *Wilcox, supra.*

*Forfeiture.*

The provisions for bail *after conviction* of a felony are governed by Neb. Rev. Stat. § 29-2303 (Reissue 1989). See *State v. Woodward*, 210 Neb. 740, 316 N.W.2d 759 (1982). The provisions of § 29-2303 are purely discretionary. Section 29-2303 provides in part:

> Whenever a person shall be convicted of a felony, and the judgment shall be suspended as a result of the notice of appeal, it shall be the duty of the court to order the person so convicted into the custody of the sheriff, to be

> imprisoned until the appeal is disposed of, or such person is admitted to bail.

In *Woodward*, 210 Neb. at 747, 316 N.W.2d at 763, the court stated:

> It is clear from a reading of the above-quoted section that the right to bail, after conviction, is discretionary and not absolute. Once a defendant has been convicted of the felony charged, he is not entitled to be released on bail. Such determination is left to the discretion of the trial court who may prescribe the amount of the bond *and the conditions thereof*. . . .

(Emphasis supplied.)

The absolute discretion of a trial court regarding an appeal bond arises because of the defendant's status as a convicted felon. A bond to guarantee the appearance of a defendant at pretrial proceedings and at trial is distinct from an appeal bond after conviction. This distinction is apparent from the fact that the appeal bond statute, § 29-2303, treats a convicted person differently than § 29-901 treats one who is awaiting trial and still presumed innocent. This distinction underlies our statutory bond scheme, and we regard this distinction as important in our analysis of the issues before us.

The district court stated that the condition that a defendant not violate the law "seems to be an important condition and one that the Court should not overlook." The district court had discretion whether or not to grant bail to Hernandez while his appeal was pending. The question to be answered is whether a trial court may impose a condition in an appeal bond that the defendant not commit any crime while free on bond pending appeal.

Several other jurisdictions, with statutory schemes similar to our own, have discussed such a condition for bond, referring to it as a crime-free or good-behavior condition. We are unable to find any Nebraska case dealing with this type of condition. Courts which have considered the question have determined that breach of a condition requiring the defendant to remain crime-free warrants the forfeiture of bail. See, Annot., 68 A.L.R.4th 1082 (1989); *U.S. v. Santiago*, 826 F.2d 499 (7th Cir. 1987) (forfeiture justified by defendant's violation of condition

of his release by again engaging in drug trafficking, notwithstanding the fact that defendant made all his court appearances); *U.S. v. Vaccaro*, 719 F. Supp. 1510 (D. Nev. 1989) (forfeiture appropriate in cases where it can be shown by a preponderance of the evidence that defendant violated a condition of his release); *State v. Rocha*, 117 Ariz. 294, 572 P.2d 122 (1977) (forfeiture ordered where defendant violated a condition of his bond by committing federal drug offense, rendering him unavailable to serve state court judgment); *State v. Saback*, 534 A.2d 1155 (R.I. 1987) (forfeiture required by statute, but forfeiture should have been set aside in part); *Bisping and Exum v. Commonwealth*, 218 Va. 753, 240 S.E.2d 656 (1978), *cert. denied* 435 U.S. 1007, 98 S. Ct. 1878, 56 L. Ed. 2d 389 (forfeiture of bail bond pending appeal was warranted due to defendant's breach of good-behavior condition by commission of three additional similar offenses); *Application of Allied Fidelity Ins. Co.*, 664 P.2d 1322 (Wyo. 1983) (forfeiture of bail pending appeal was warranted where defendant violated conditions that he not possess a firearm and not leave the state, resulting in his being incarcerated out of state).

We conclude that it was not an abuse of discretion for the trial court to prescribe the condition of not violating the law as a condition of the appeal bond.

*Forfeiture Hearing.*

Once the trial court determined that a condition of the bond had been violated, the court was required to declare the bond forfeited. Neb. Rev. Stat. § 29-1106 (Reissue 1989) states: "When there is a breach of condition of a recognizance, the court shall declare a forfeiture of the bail."

The trial court here had sufficient proof to find that Hernandez had breached the crime-free condition of his bond. The officers investigating the new crimes testified to acts by Hernandez constituting assault. While this testimony consisted partially of hearsay, the Nebraska rules of evidence do not apply in the situation. Neb. Rev. Stat. § 27-1101(4)(b) (Cum. Supp. 1992) states that the rules of evidence do not apply to "proceedings with respect to release on bail or otherwise."

Officer James Keeter, who was the officer investigating the new crimes, testified to two incidents that amounted to assault. He testified that on January 4, 1992, Hernandez' wife came to the Scottsbluff police station with her sister. Hernandez' wife, Jeri, told Officer Keeter that her husband had gotten angry with her that evening and had thrown her against a wall, hit her three times with a closed fist, and had torn her shirt. The officer testified that he observed that her left eye, eyebrow, and temple were beginning to swell and "turn black and blue." Vicki Rice, Jeri Hernandez' sister, told Officer Keeter that Jeri had called her to come pick her up. When she went to the Hernandez home to do so, Frank Hernandez used profanity toward her and chased her into the street, kicking her twice in the leg.

The bond was properly ordered forfeited by the trial court, since it had sufficient evidence of a breach of a condition of the appeal bond. In fact, once the breach of the crime-free condition was established, the judge was required by § 29-1106 to order the forfeiture.

*Setting Aside the Forfeiture.*

The decision whether to set aside or remit a forfeiture rests within the discretion of the district court. *State v. Seaton*, 170 Neb. 687, 103 N.W.2d 833 (1960).

The Nebraska statutes provide no specific criteria relating to when a forfeiture of a recognizance bond should be set aside. They do provide that if it appears justice does not require the enforcement of the forfeiture, the court may use its discretion to set aside all or any part of the forfeited bond. § 29-1107; *State v. Reed*, 178 Neb. 370, 133 N.W.2d 591 (1965).

In *Seaton*, 170 Neb. at 689, 103 N.W.2d at 836, the Nebraska Supreme Court stated:

> Section 29-1107, R. R. S. 1943, contains a general characterization of what should be controlling in the determination of the question of whether or not a forfeiture should be enforced. It is in its nature equitable or, in other words, it requires an equitable approach and determination. Specifically it requires that the action shall be measured in the light of the requirements of justice.

The *Seaton* court went on to explain that forfeiture under

Nebraska statutes was not intended to be a penalty, but, rather, was established to prevent an interference with or abridgement of the ends of justice.

While the above general guidelines provide a paradigm within which a trial court should conduct a hearing regarding a motion to set aside a forfeiture, some specific objective criteria are also available from federal case law and are instructive on how to avoid ruling at a hearing on a motion to set aside a forfeiture in such a way that, in effect, the court is leveling a penalty against the defendant for his breach of bond, as opposed to guaranteeing that there has been no interference with or abridgment of the ends of justice. The decision whether to set aside a forfeiture rests within the discretion of the district court and will be reversed only if the court acted arbitrarily or capriciously. *State v. Konvalin*, 165 Neb. 499, 86 N.W.2d 361 (1957). In *United States v. Castaldo*, 667 F.2d 20 (9th Cir. 1981), *cert. denied* 456 U.S. 978, 102 S. Ct. 2245, 72 L. Ed. 2d 853 (1982), the court dealt with a situation where the statutory framework was similar to Nebraska's. The *Castaldo* court stated that in the usual case, the factors that the district court should consider in making its determination regarding whether a forfeiture should be set aside include (1) the willfulness of the defendant's breach of conditions; (2) the participation of the sureties in apprehending the defendant; (3) the cost, inconvenience, and prejudice suffered by the government as a result of the defendant's breach; and (4) any explanation or mitigating factors presented by the defendant. Other factors the court may consider are whether the surety is a professional bondsman or one of the defendant's friends or family members, and the appropriateness of the amount of the bond. It is not necessary that each of the factors be resolved in the government's favor for the district court to enforce full forfeiture. Also helpful are other factors discussed in *United States v. Parr*, 594 F.2d 440, 444 (5th Cir. 1979):

> The purpose of a bail bond is not punitive. Its object is not to enrich the government or punish the defendant. *Dudley v. United States*, 242 F.2d 656 (5th Cir. 1957); *United States v. Davis*, [202 F.2d 621 (7th Cir. 1953)]. Nor can it be "used as a balm to soothe the disappointment

resulting from the inability to punish and rehabilitate." [*United States v. Parr*, 560 F.2d 1221, 1224 (5th Cir. 1977)]. The "forfeiture ought to bear some reasonable relation to the cost and inconvenience to the government of regaining custody . . . ." [*United States v. Kirkman*, 426 F.2d 747, 752 (4th Cir. 1970)], the amount of delay caused by the defendants [sic] default and the stage of the proceedings at the time of disappearance; *United States v. Fook Dan Chin*, 304 F.Supp. 403, (S.D.N.Y. 1969), the willfullness of the defendant['s] breach of conditions and the prejudice suffered by the government, *United States v. Nell*, 169 U.S.App.D.C. 380, 515 F.2d 1351 (1975); and the public interest and necessity of effectuating the appearance of the defendant. *United States v. Agueci*, 379 F.2d 277 (2nd Cir. 1967). "Neither frustration nor its kinsman vindictiveness should be of weight in tipping the scales by which the elements of the court's discretion is [sic] weighed." *Parr, supra* at 1224.

Such criteria are appropriate and should be considered when deciding a motion to set aside an appeal bond forfeiture.

The application of these criteria will eliminate the possibility that such forfeitures are in the nature of a penalty and are, rather, as stated in *Seaton*, "measured in the light of the requirements of justice."

## CONCLUSION

While mindful of the duty of this court to independently adjudicate the question of remission of a forfeited bond, as stated by the Supreme Court in *Seaton*, we are unable to do so with the record before us. Specifically, we are unable to discern the cost, inconvenience, and prejudice, if any, suffered by the government as a result of Hernandez' breach. Also, no evidence appears in the record concerning any explanation or mitigating circumstances presented by Hernandez. Therefore, we reverse the decision of the trial court denying Hernandez' motion to set aside the forfeiture and remand the cause with directions that a hearing be held in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.