IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. OXARART

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JOSEPH R. OXARART, APPELLANT.

Filed September 21, 2021.    No. A-21-214.

Appeal from the District Court for Lancaster County: DARLA S. IDEUS, Judge. Affirmed.

Matt Catlett, of Law Office of Matt Catlett, for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

PIRTLE, Chief Judge, and MOORE and WELCH, Judges.

WELCH, Judge.

## INTRODUCTION

Joseph R. Oxarart appeals the order of the Lancaster County District Court denying his motion to set aside the forfeiture of his bond. For the reasons set forth herein, we affirm.

## STATEMENT OF FACTS

Following his conviction of possession of a stolen firearm, a Class IIA felony, in January 2020, the Lancaster County District Court sentenced Oxarart to 3 years' probation. In October, the State filed a motion for the revocation of Oxarart's probation, alleging that he had intentionally violated the terms and conditions of his probation by "failing to not violate any laws and to refrain from unlawful or disorderly conduct or acts injurious to others." Although no order appears in the record before this court, Oxarart was apparently ordered detained pending a court appearance. In November, Oxarart posted a $2,500 appearance bond and was released.

As a condition of Oxarart's release, he agreed, as required by the terms and conditions of the appearance bond, to "not use, consume or have in his . . . possession any alcoholic beverages

- 1 -

or controlled substance[s], unless prescribed by a licensed physician or dentist" and "not be involved, directly or indirectly, in unlawful or disorderly conduct or acts injurious to others." The terms and conditions of the appearance bond also provided that Oxarart agreed "that if the court is informed that the conditions set forth herein have been violated, this bond may be revoked and a bench warrant issued, without notice or hearing pending further review by the court." Additionally, the appearance bond provided:

> I understand and acknowledge that if I post a bond and gain release while this case is pending and I fail to appear or violate any other terms or conditions that have been set for my release, my bond may be forfeited and a warrant will issue for my arrest which may mean that I may not gain return of any of the money that I have deposited and that the County Attorney may request a judgment for the full amount of the bond. I could then become liable for any additional sum to the full amount of the bond and the Sheriff could take any property which I own or have an interest in to satisfy the judgment.

In January 2021, the State moved to revoke Oxarart's bond for the reason that he had violated the conditions of the bond which required him not to "use, consume or have in his . . . possession any alcoholic beverages or controlled substances" and "not be involved . . . in any unlawful or disorder[l]y conduct." The basis for the State's motion was that, on January 6, 2021, Lincoln police officers, along with Lincoln Fire & Rescue, were dispatched to the parking lot of an apartment complex where a man, later identified as Oxarart, had been passed out in his vehicle for approximately 2 hours. Officers contacted Oxarart, who informed them that he passed out due to methamphetamine use. Officers searched Oxarart's vehicle pursuant to his consent and found a glass bulbous pipe with brown burnt residue in the bulb and a white chalky substance in the stem. A pretest of the substances indicated positive for methamphetamines. Officers arrested Oxarart on an unrelated Dawson County warrant.

Following a January 11, 2021, hearing, the district court revoked Oxarart's bond and set a new bond at 10 percent of $10,000. Oxarart filed a motion to review and reduce his bond and a hearing thereon was held on February 10. During that hearing, Oxarart's attorney made an oral motion to set aside the forfeiture of his bond. No evidence was presented at this hearing. That same day, the district court overruled Oxarart's motion to review and reduce his bond and likewise denied Oxarart's oral motion to set aside forfeiture of his bond. Oxarart has timely appealed to this court.

## ASSIGNMENT OF ERROR

On appeal, Oxarart contends that the district court abused its discretion in denying his motion to set aside the forfeiture of his bond.

## STANDARD OF REVIEW

The proceeding to set aside a forfeiture is in its nature equitable, within the meaning of the statute, and accordingly, the review is de novo. *State v. Hernandez*, 1 Neb. App. 830, 511 N.W.2d 535 (1993). The decision whether to set aside or remit a forfeiture rests within the discretion of the district court and will be reversed only if the court acted arbitrarily or capriciously. *Id*.

ANALYSIS

Oxarart's sole assignment of error on appeal is that the district court abused its discretion in denying his motion to set aside the forfeiture of his bond.

Once the trial court determined that a condition of Oxarart's bond had been violated, the court was required to declare the bond forfeited. "When there is a breach of condition of a recognizance, the court shall declare a forfeiture of the bail." Neb. Rev. Stat. § 29-1106 (Reissue 2016). The trial court made that determination during the June 11, 2021, hearing and Oxarart assigns no error in connection with that determination. Once the bond is forfeited, the decision whether to set it aside or remit a forfeiture rests within the discretion of the court. "The court may direct that a forfeiture of the recognizance be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture." Neb. Rev. Stat. § 29-1107 (Reissue 2016).

In *State v. Hernandez, supra*, this court enunciated the factors a court should consider in determining whether a bond forfeiture should be set aside. Those include:

> (1) the willfulness of the defendant's breach of conditions; (2) the participation of the sureties in apprehending the defendant; (3) the cost, inconvenience, and prejudice suffered by the government as a result of the defendant's breach; and (4) any explanation or mitigating factors presented by the defendant. Other factors the court may consider are whether the surety is a professional bondsman or one of the defendant's friends or family members, and the appropriateness of the amount of the bond.

*Id.* at 837, 511 N.W.2d at 539-40. It is not necessary that each of the factors be resolved in the government's favor for the district court to enforce full forfeiture. *Id.* Additionally, "'[t]here is no duty on the part of the State to prove damages.'" *State v. Kennedy*, 193 Neb. 472, 474, 227 N.W.2d 607, 609 (1975).

Following the bond forfeiture hearing in which Oxarart's bond was declared forfeited and a new larger bond was set, Oxarart filed a motion to review and reduce the new bond. During the hearing on that motion, Oxarart added an additional oral motion to set aside the forfeiture of his old bond. However, Oxarart provided no evidence in connection with that motion and the district court overruled his request to set the forfeiture aside.

Oxarart now assigns as error and argues that the district court erred in overruling his motion to set aside the forfeiture of his bond. He contends that, in applying the *Hernandez* factors, the forfeiture bore no relation to the cost and inconvenience of the government regaining custody of Oxarart, there was no delay in the proceedings as the result of any breach of the conditions of the bond, and there was no prejudice to the government as the result of any breach of his bond conditions.

In fashioning the criteria for evaluating a bond's forfeiture, this court in *Hernandez* quoted extensively from *United States v. Parr*, 594 F.2d 440 (5th Cir. 1979):

> "The purpose of a bail bond is not punitive. Its object is not to enrich the government or punish the defendant. *Dudley v. United States,* 242 F.2d 656 (5th Cir. 1957); *United States v. Davis,* [202 F.2d 621 (7th Cir. 1953)]. Nor can it be 'used as a balm to soothe the disappointment resulting from the inability to punish and rehabilitate.' [*United*

*States v. Parr,* 560 F.2d 1221, 1224 (5th Cir. 1977)]. The 'forfeiture ought to bear some reasonable relation to the cost and inconvenience to the government of regaining custody. . . .' [*United States v. Kirkman,* 426 F.2d 747, 752 (4th Cir. 1970)], the amount of delay caused by the defendants [sic] default and the stage of the proceedings at the time of disappearance; *United States v. Fook Dan Chin,* 304 F.Supp. 403, (S.D.N.Y. 1969), the willfulness of the defendant['s] breach of conditions and the prejudice suffered by the government, *United States v. Nell,* 169 U.S. App. D.C. 380, 515 F.2d 1351 (1975); and the public interest and necessity of effectuating the appearance of the defendant. *United States v. Agueci,* 379 F.2d 277 (2nd Cir. 1967). 'Neither frustration nor its kinsman vindictiveness should be of weight in tipping the scales by which the elements of the court's discretion is [sic] weighed.' *Parr, supra* at 1224."

*State v. Hernandez*, 1 Neb. App. 830, 837-38, 511 N.W.2d 535, 540 (1993).

But although "[s]uch criteria are appropriate and should be considered when deciding a motion to set aside an appeal bond forfeiture," it is difficult to do so when Oxarart failed to proffer any evidence at the hearing for the trial court or this court to make that determination. See *id*. at 838, 511 N.W.2d at 540. We reached a similar conclusion in *Hernandez* wherein we held, in relation to the record before the court: "Specifically, we are unable to discern the cost, inconvenience, and prejudice, if any, suffered by the government as a result of [the defendant's] breach. Also, no evidence appears in the record concerning any explanation or mitigating circumstances presented by [the defendant]. *Id*.

Here, because no evidence was offered by Oxarart on his motion to set aside forfeiture of his bond, our de novo review is limited. From the evidence presented by the State at the earlier hearing to revoke Oxarart's bond, this court can ascertain that Oxarart was out on an appearance bond while awaiting a hearing on the revocation of his probation. Conditions of that bond, to which Oxarart agreed, included that he not "use, consume or have in his . . . possession any alcoholic beverages or controlled substances . . . ." Oxarart admitted to officers that he had used methamphetamine and officers found evidence of his methamphetamine use in Oxarart's vehicle. There is nothing to indicate that Oxarart's use of methamphetamines was not willful. Further, without evidence of the actual cost of the government in connection with its apprehension of Oxarart, where there was clearly some cost due to officers having to respond to the call which led to the discovery of Oxarart's illegal activity, it is impossible to ascertain the actual cost suffered by the government as a result of Oxarart's breach. Likewise, there was no evidence of mitigating facts to consider in connection with this conduct. Although we agree that there appears to be no participation of sureties in apprehending Oxarart or delay in the proceedings as a consequence of Oxarart's breach, we cannot say that the district court's determination, when considering all of the *Hernandez* factors, was arbitrary or capricious.

## CONCLUSION

Since Oxarart breached a condition of his bond requiring that he not use, consume, or have in his possession any controlled substances, the court properly determined that Oxarart forfeited his bond. And for the reasons set forth above, we hold the court did not abuse its discretion in

denying Oxarart's motion to set that forfeiture aside. Consequently, we affirm the district court's denial of Oxarart's motion to set aside the forfeiture of his bond.

AFFIRMED.