IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

NPIMNEE V. STATE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

HOPE NPIMNEE, APPELLANT,

V.

STATE OF NEBRASKA ET AL., APPELLEES.

Filed June 3, 2025.    No. A-24-461.

Appeal from the District Court for Lincoln County: PATRICK M. HENG, Judge. Affirmed.

Hope Npimnee, pro se.

No appearance by appellees.

RIEDMANN, Chief Judge, and MOORE and ARTERBURN, Judges.

RIEDMANN, Chief Judge.

### INTRODUCTION

Hope Npimnee appeals the order of the district court for Lincoln County denying his motion to proceed in forma pauperis (IFP) on his complaint filed against the State of Nebraska, two attorneys, and a judge. Following our de novo review, we affirm.

### BACKGROUND

Npimnee was the defendant in a criminal case filed in the county court for Lincoln County and was later bound over to the district court. According to Npimnee's complaint, a recognizance bond "in the amount of $25,000 at 10% posted was forfeited by the County Court of Lincoln County." He sought recovery from the current defendants for "unlawfaul [sic] acts perpetrated in the course of its attempted recovery" in that they "knowingly obstructed justice in the plaintiff'ss [sic] attempt to recover forfeited recognizance." Npimnee sought recovery of the forfeited recognizance bond plus damages from the named defendants and sought to proceed IFP. The

- 1 -

complaint further alleges that the named judge informed [a staff member] "in writting [sic] 'Since the referenced criminal case was dismissed in March 2023, and ordered sealed, the Motion to Proceed Pro Se, Motion for Judicial Notice, and Motion to Set Asside [sic] Bond forfeiture cannot be considered by this Court, and as such, no legal action can and will be taken.'"

The district court entered an order denying Npimnee's application to proceed IFP on the basis that Npimnee's complaint was frivolous. The court explained:

> The Complaint establishes that the case in CR 22-36 was dismissed in March, 2023. [The judge] denied Plaintiff's attempt to address the issue of the bond forfeiture in December, 2023. The ruling on a motion to set aside the forfeiture of an appeal bond made pursuant to § 29-1107 is an appealable order. *State v. Hernandez*, 1 Neb. App. 830, 833, 511 N.W.2d 535, 537 (1993). Whether the date is February 8, 2022, March of 2023, or December 4, 2023, the Defendant failed to appeal the decision to reinstate the forfeited bond within thirty days after such decision. Neb. Rev. Stat. § 25-1912.

The court concluded that because Npimnee failed to appeal the denial of the reinstatement of his forfeited recognizance bond, both claim preclusion and issue preclusion barred this issue from being litigated against the parties named in the present lawsuit. It therefore concluded the complaint was frivolous and denied the IFP application. Npimnee appeals this decision.

## ASSIGNMENTS OF ERROR

Npimnee assigns (1) the district court erred in denying his application to proceed IFP as frivolous, (2) the district court erred in denying appointment of counsel to an indigent litigant in an action for forfeited bond, and (3) the county court and district court abused their discretion in failing to equitably consider the required factors in remitting a forfeited bond.

## STANDARD OF REVIEW

A district court's denial of IFP status is reviewed de novo on the record based on the transcript of the hearing or written statement of the court. *Jackson v. Rodriguez*, 318 Neb. 657, 18 N.W.3d 408 (2025).

## ANALYSIS

Npimnee sought to recover his forfeited bond and impose liability upon the attorneys and the judge involved in the criminal case in which the bond was forfeited. The court denied his request to proceed IFP because the claim was frivolous. We agree with the district court.

Neb. Rev. Stat. § 25-2301.02 (Reissue 2016) authorizes a court to object to an IFP application on the basis that the proposed complaint or petition is asserting legal positions that are frivolous or malicious and promptly file a written statement of its reason, findings, and conclusions for denial of the application. See, also, *Jackson, supra*. Here, the district court followed the statutory procedure, explaining that the complaint was frivolous because Npimnee had sought to set aside the forfeiture in the criminal case, was unsuccessful, and failed to appeal that decision.

In *State v. Hernandez*, 1 Neb. App. 830, 511 N.W.2d 535 (1993), this court explained that a motion to set aside a forfeiture bond is a special proceeding because it involves a special statutory remedy which is not, in and of itself, an action. *Id*. We further determined that a denial of that

motion affects a substantial right because it may permanently deprive a defendant of the amount of bond posted. *Id*. Therefore, we concluded that it was a final order pursuant to Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2024). *Hernandez, supra*.

Final orders must be appealed within 30 days. See Neb. Rev. Stat. § 25-1912 (Cum Supp. 2024). Npimnee alleged in this complaint that his motion to remit and reinstate his forfeited recognizance was denied on February 8, 2022. He did not appeal this decision; rather, he filed a motion to set aside bond forfeiture on May 31, 2024, iterating that his motion to reinstate the bond was denied on February 8, 2022. Therefore, the forfeiture of his recognizance bond is final.

Issue preclusion, also referred to as collateral estoppel, applies where (1) an identical issue was decided in a prior action, (2) the prior action resulted in a final judgment on the merits, (3) the party against whom the doctrine is to be applied was a party or was in privity with a party to the prior action, and (4) there was an opportunity to fully and fairly litigate the issue in the prior action. *Fraternal Order of Police Lodge #88 v. State*, 316 Neb. 28, 3 N.W.3d 82 (2024). The issue of bond forfeiture was decided in Npimnee's criminal case, it resulted in a final judgment on the merits, Npimnee was a party to that action, and he had an opportunity to fully and fairly litigate the issue in the criminal case. Consequently, issue preclusion bars his ability to relitigate this issue and his attempt to do so is frivolous. See *Gray v. Kenney*, 22 Neb. App. 739, 860 N.W.2d 214 (2015).

Because Npimnee's complaint was frivolous, the district court did not err in denying him counsel, nor was it or the county court required to analyze or reanalyze the factors relating to bond forfeiture as assigned in Npimnee's remaining assignments of error. We therefore affirm the district court's denial of IFP status and its denial of all other relief requested.

CONCLUSION

Npimnee's request for IFP status was frivolous; therefore, the district court did not err in denying this request, and all other requested relief relating thereto.

AFFIRMED.